## MAGNOLIA PETROLEUM CO. v. EDGETT et al.

No. 21536. Opinion Filed June 23, 1931.

Rehearing Denied July 28, 1931.

Blakeney, Ambrister & Wallace, for petitioner.

L. B. Kyle, for respondent.

McNEILL, J. This is an original proceeding to review an award of the State Industrial Commission. The respondent, C. I. Edgett, sustained an accidental personal injury arising out of and in the course of his employment with the Magnolia Petroleum Company, petitioner herein, on July 9, 1923, while the respondent was cranking a Ford which ran over him, injuring his shoulder and breast. The respondent did not return to his work for approximately two weeks, and then continued in the employment of said company until July 1, 1926. After the receipt of the injury the physical condition of respondent grew progressively worse and his services were discontinued on July 1, 1926. The respondent and petitioner entered into preliminary negotiations for compensation to be paid respondent, and they appeared before the State Industrial Commission on July 1, 1926, in reference to a settlement respondent and petitioner had agreed to enter into, a copy of which is as follows:

"This stipulation and agreement made and entered into on this 1st day of July, 1926, by and between Magnolia Petroleum Company, a corporation, acting by and through its attorney, W. R. Wallace, hereinafter referred to as first party, and Cecil I. Edgett, of Duncan, Okla., hereinafter referred to as second party, witnesseth:

"It is hereby agreed and understood that the stipulation and agreement herein entered into will not become effective, or be binding, until approved by the State Industrial Commission of the state of Oklahoma; and,

"Whereas, Cecil I. Edgett was injured while working for the Magnolia Petroleum Company, as foreman of fuel and gasoline

plant on the Campbell farm, in Cotton county, Okla., on the 9th day of July, 1923, and was receiving the sum of $225 per month while so working for said company at said time, and in the course of his employment, and while he was on duty, said employee was cranking a Ford car and the same started up and ran over the claimant, knocking him down and breaking his collar bone on the left side, and also breaking some of his lower right ribs, from which injury said claimant has never recovered. Said claimant at this time is unable to do heavy physical work and cannot work long at a time.

"It is also agreed that the Magnolia Petroleum Company, for and in consideration of $2,000, paid to the claimant, Cecil I. Edgett, who hereby acknowledges receipt of the same from the said Magnolia Petroleum Company, is not to be liable for any damages on account of this injury that have occurred in the past, and the said Magnolia Petroleum Company shall not be liable for any further damages directly or indirectly growing out of said injury, and the said Magnolia Petroleum Company is not to be liable for any doctor bills in the future or anything else in connection with this injury, but it is thoroughly and fully understood that this payment of $2,000 is for all claims which have arisen, or might arise, out of his injury, as hereinbefore set out, and the said Magnolia Petroleum Company is hereby released from any further liability in connection with this injury.

"This agreement made and entered into on the day and year first written above.

"Magnolia Petroleum Company, a Corporation.

"By W. R. Wallace,
"C. I. Edgett."

Respondent was examined by Commissioner Roblin at that time, in part, as follows:

"Q. Now, you understand if the Commission approves this agreement that it is a full, final, and complete settlement? A. Yes. Q. Now, Mr. Edgett, is this settlement—Mr. Edgett, has this Commissioner explained to you that if you could prove jurisdiction of the Commission over your claim for compensation, and that you are possibly permanently disabled from the performance of manual labor by reason of that accident, that you would then be able to recover as much as 500 weeks' compensation at the rate of $18 per week? Has the trial Commissioner explained this to you? A. Yes. Q. And do you still want to take this amount A. Yes, I think so. You are asking that there is a possibility of me getting this if I could show everything about getting this injury, that I would get a larger amount than I am getting? * * * Q. Mr. Edgett, do you understand that this testimony is being taken on your application for a final award for the approval of an agreement under your application of a final award, and that these

papers will be drawn when you leave here and go to Mr. Wallace's office? A. Yes, he told me that."

Promptly thereafter the petitioner paid to respondent the sum of $2,000. Subsequently, after some correspondence between respondent and the Commission, respondent filed with the Industrial Commission, on form No. 3, employee's first notice of injury and claim for compensation, on February 22, 1930, and petitioner, on February 28, 1930, filed on form No. 2, employer's first notice of injury, which appears to have been signed on July 28, 1923, by T. B. Gilbert, superintendent of Magnolia Company. A hearing was set for May 26, 1930, which later was reset for June 24, 1930. The Commission found that respondent had at all times, since July 1, 1926, been unable to perform ordinary manual or mechanical labor, and now is totally and permanently disabled as a result of the injury sustained on July 9, 1923. The Commissioner further found, in part, as follows:

"That respondent had due notice and knowledge of the accident and nature of said injury, and provided medical attention for claimant."

The Commission further finds:

"That on July 1, 1926, claimant appeared before F. L. Roblin, a member of the State Industrial Commission, and certain testimony was taken with reference to a verbal agreement and proposed settlement between this claimant and attorney for respondent, and on said date claimant signed a stipulation of facts, a copy of which appears in the files of the Commission, whereupon respondent paid, and claimant has acknowledged receipt of the sum of $2,000; that no order and award was made, nor has any order and award been made at any time by the Commission approving said proposed or purported settlement."

Petitioners urge that the order of the Industrial Commission is contrary to law, and that said Commission was without jurisdiction to set aside an award made upon joint petition under the provisions of section 7325, C. O. S. 1921, as amended by chapter 61, sec. 13 of the Session Laws of 1923, and that the evidence does not sustain the conclusion of the Industrial Commission; that, inasmuch as the accidental injury occurred on July 9, 1923, and no claim for compensation was made until 22nd of February, 1930, the claim of respondent is barred by section 7301, C. O. S. 1921. At the hearing on July 1, 1930, Mrs. F. L. Roblin, who was the chairman of the Commission at the time of the hearing on July 1, 1926, testified, in part, as follows:

"Q. Now, Mrs. Roblin, I believe you say that at the time of this hearing under joint petition, when the joint petition was filed or presented, that he understood it was a joint petition? A. At the time of the hearing, we went into that, and I think you will see by the record itself that he understood he was to sign the agreement which he had entered into, at the close of the hearing. Q. At Mr. Wallace's office? A. Yes. * * * Q. Are you sure there were two or more Commissioners present at the time of that hearing? A. I am. Q. The record then is incorrect, is it? A. No answer. Q. I say this record is incorrect? A. I, as trial Commissioner, took the testimony, but there were two Commissioners present that day in session, and passed on this agreement. Q. Did you, at that time, see the petition was filed or prepared, joint petition that was to be signed after the hearing? A. I do not remember whether I did or not. * * * Q. And as far as you know, it had not been filed? A. It had not actually been signed at the time we started taking the testimony. * * * Q. In what manner did the Commission indicate its approval of that settlement? A. By its verbal approval, and told Mr. Wallace to go ahead and pay the money and an order would follow. Q. And an order was made? A. I do not know. I searched the record and could not find it. * * * Q. Mrs. Roblin, are you sure that this instrument was ever presented to you? A. The written instrument I cannot state positively, but the agreement was, and explained in open court. Q. Then this proposed settlement, and a hearing thereon, was merely on a verbal agreement? A. That is the way it started."

When respondent and petitioner appeared before the Commission on July 1, 1926, and requested the Commission to approve the settlement which they were then entering into, the jurisdiction of the Commission was invoked. This stipulation and agreement could, with a liberal interpretation, be considered as a joint petition filed by respondent and petitioner, or an agreed statement of facts entered into by and between respondent and petitioner.

An examination of this entire record clearly indicates that the settlement was approved by the Commission, and that the payment of $2,000 by petitioner to respondent was authorized to be made by the Commission in settlement of respondent's claim for compensation. We are of the opinion that it was apparent to petitioner, respondent, and the Commission, that at the time of the hearing before the Commission, on to wit, July 1, 1926, respondent was permanently disabled, and that the money so paid and receipted for by respondent was in full settlement of compensation for permanent injuries sustained by respondent.

As we view this record, there is no theory under which respondent can recover further compensation from petitioner. If the stipulation and agreement be construed as an agreement as to the facts with relation to respondent's injury, as provided for by section 7294, C. O. S. 1921, and amendments thereof, the respondent cannot prevail.

This court, in the case of Marland Production Co. v. Hogan, 146 Okla. 220, 294 Pac. 115, wherein the respondent was injured on June 15, 1929, entered into a stipulation and receipt to take a certain sum as compensation for his injuries; said respondent, thereafter, on September 3, 1929, filed a motion to take further testimony and asking an award for further compensation states:

"This court has held that an agreement by the employer and employee as to the facts with relation to the injury and approved by the Commission under section 7294, C. O. S. 1921, under which agreement the employee has received a reasonable sum, is not a release of liability for the injury sustained, but is the basis of the award of the Commission. * * *

"When sections 7296, 7297, and 7325 are considered together, it must be held, we think, that it was the legislative intent that the Commission have a continuing power and jurisdiction to review its award on the ground of a change in conditions only, and, except for a change in conditions, the award is final and conclusive upon all questions within its jurisdiction unless suit is commenced in this court within 30 days to review the award or decisions."

In this case there was no attempt at any time by either of the parties to review the award made and approved by the Commission.

Again, if there were no such hearings before the Commission on a joint petition, or on agreed statement of facts, then the award of July 1, 1926, of $2,000 was necessarily based upon permanent partial disability at the time of the hearing of July 1, 1926, and before respondent was entitled to any further compensation in an action commenced under section 7294, C. O. S. 1921, it was incumbent upon him to show a change of condition.

Again, if there was no hearing on the joint petition, or on an agreement of the facts, which apparently seems to be the view the Commission took of the matter, at the hearing on June 8, 1930, then the first hearing in this case was on the claim of respondent, filed on February 22, 1930. Under the most liberal rules, announced and followed by this court, relative to section 7301, C. O.

S. 1921, construing this section as being a limitation upon the remedy, and not upon the right, said respondent is barred by said statute which required the filing of such a claim within one year from the date of the injury. Considering section 7301, supra, further in that the payment of the $2,000 operated as an extension of the statutory period for the filing of respondent's claim within a year from the date of the payment of said amount by petitioner to respondent, being the last date when said payment to respondent ceased, said respondent's claim is likewise barred. See Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 Pac. 963, and cases cited therein.

After a careful review of the record, we are of the opinion that the award of the Commission should be vacated and set aside and said cause dismissed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. KORNEGAY, J., concurs in result. CLARK, V. C. J., dissents. HEFNER, J., disqualified.