## TULSA LEAD & ZINC CO. et al. v. ACARY et al.

No. 22595. Opinion Filed Jan. 19, 1932.

J. Fred Swanson, Ray McNaughton, and Arthur G. Croninger, for petitioners.

Wm. M. Thomas, for respondents.

RILEY, J. Plaintiffs in error, as petitioners, bring this action to review an award of the State Industrial Commission.

Respondent Acary, while employed by petitioner Tulsa Lead & Zinc Company, on May 21, 1927, received an accidental injury caused by some particles of stone being cast into his eye while breaking a boulder with a sledge hammer. Employer's first report of the injury was filed with the State Industrial Commission on June 8, 1927. The first report of attending physician was filed May 24, 1927. A report by another attending physician was filed May 31st. On June 4, 1927, there was filed a stipulation and agreement of the parties in regard to the facts in relation to the injury, together with the receipt of payment of the sum of $45, in which it was shown that claimant's average weekly wage was $36, and the weekly rate of compensation was $18, and that compensation began May 26, 1927. This stipulation was on Form No. 7, prescribed by the State Industrial Commission.

No further payments were made and no further record made until June 18, 1930, at which time claimant filed his motion to reopen the cause based upon a change of condition, setting up in substance that when the stipulation and receipt of payment was signed both parties thought that claimant had fully recovered, but that within three or four months after the injury he began losing vision in his right eye (the one that he claimed had been injured). That such loss of vision steadily increased until claimant had lost the greater portion of the vision of that eye, and that such loss was the direct and proximate result of the accidental injury to the right eye. He also claimed a partial loss of vision of the left eye had developed, and that the loss of vision of both eyes had developed after the stipulation and receipt had been filed. He prayed for a hearing and for compensaion for partial loss of both eyes. Hearing was had, resulting in a finding dated June 13, 1931, as to the accidental injury and average weekly wage, substantially as set out in the stipulation, and further findings of fact, as follows:

"That by reason of said accidental injury, the claimant was temporarily totally disabled from the performance of ordinary manual labor from the 21st day of May, 1927, to June 12, 1927, inclusive, or for two weeks and three days beyond the five days' waiting period, for which he has been paid compensation at the rate of $18 per week, or a total of $45.

"That by reason of said accidental injury the claimant has suffered a change of condition in said right eye, and that at this time the claimant had a permanent total loss of sight or vision in the right eye."

The award was for 100 weeks' compensation at $18 per week, and was ordered paid as follows: $927 within 15 days, and the balance in weekly payments of $18 per week, until a total of 100 weeks had been paid.

Petitioners contend that the State Industrial Commission was without jurisdiction to make the award of June 13, 1931, for the reason that the claim had been barred under section 7301, C. O. S. 1921, in that the claim was not filed within one year. They further contend that there was no competent evidence to sustain the award.

Claimant filed no specific claim with the State Industrial Commission within one year after the date of the alleged injury. But it has been held by this court that a memorandum or agreement as to the facts with relation to an injury compensable under the Workmen's Compensation Act, upon form prescribed and filed as directed and approved by the Commission, within one year after the injury, is a substitute for a claim. Skelly Oil Co. v. Standley, 148 Okla. 77, 297 P. 235. However, it is contended that because no claim was filed within one year after the last payment of compensation, claimant was barred under the rule announced in Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 P. 963, and Magnolia Pet. Co. v. Edgett, 151 Okla. 79, 1 P. (2d) 758.

The Atlas Coal Company Case holds that the payment of compensation without any report or agreement filed with the State Industrial Commission extends the time within which claim may be filed to one year after compensation is last paid. In that case the claim was filed within the time thus extended. The question of change of condition was not involved therein.

In the Magnolia Petroleum Company Case, supra, stipulation and agreement were filed as in the instant case and no payments were made thereafter for more than one year. It

was therein held that the stipulation and agreement and receipt of payment thereunder constituted a basis for an award by the Commission, and that claimant was barred where no further claim was filed for the reason that one year had elapsed after the last day of payment of compensation under the agreement. But the question of change of condition was not involved, and the case expressly held that the claimant in such case was not entitled to further compensation, "except on the ground of change of condition." The claimant in the instant case comes squarely within the exception there stated, for the reason that he expressly bases his motion to reopen upon a claim of change of condition. The stipulation and agreement and receipt of payment filed with the Commission being regarded as a basis of an award, the State Industrial Commission thereby acquired jurisdiction and the cause was subject to the continuing jurisdiction of the Commission conferred by sections 7296, 7297, and 7325, C. O. S. 1921 (as amended by Laws 1923, c. 61, secs. 8, 13) when construed together and subject to a further award being made upon the ground of change of condition only.

The contention that the claim was barred by the provision of section 7301, C. O. S. 1921, cannot be sustained.

The Commission made a finding that there was, in fact, a change in condition, and if there was any competent evidence to sustain the finding, the award must be affirmed. Petitioners contend, however, that there was no competent evidence to sustain the findings and award. There is but little conflict in the evidence as to the extent of loss of vision of claimant's right eye. There is ample evidence to support the claimant's contention as to the material change in condition as to his right eye.

The contention of petitioner is that claimant never received any accidental injury to his right eye, and that. in fact, it was the left eye that was injured, and that the condition of the right eye was in no way attributable to the accidental injury.

The attending physicians testified that from their records it was claimant's left eye that was injured, and one of the attending physicians testified that claimant stated to him at the time he appeared for treatment that he could not see with his right eye, and that his right eye had been injured when he was a boy. Their first reports would seem to bear them out as to which eye was injured by the accident, as the original report of one attending physician in describing the nature and extent of the injury stated, "foreign body adhered to upper lid left eye." The original report of the other attending physician as to the nature and extent of the injury stated, "foreign body imbedded nearly through cornea with infection over pupil of left eye."

Claimant, and some five or six other witnesses who had known him for a number of years, testified positively that it was the right eye that was injured in the accident. Claimant testified positively that he had never had any injury to the right eye other than the one claimed for, and that the sight thereof was good prior to the date of the injury, and positively denied that he had ever stated to the physician that his right eye had been injured when he was a boy.

With the evidence upon the only question of fact in controversy thus in conflict, the finding of the State Industrial Commission therein is binding upon this court under section 7294, C. O. S. 1921 (as amended by Laws 1923, c. 61, s. 7) and many decisions of this court.

The finding and award of the State Industrial Commission is, therefore, affirmed.

HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., concurs in conclusion. LESTER, C. J., absent, not participating.