## ROCK ISLAND IMPROVEMENT CO. v. WILLIAMS et al.

No. 23693.   Opinion Filed May 16, 1933.

W. R. Bleakmore, George M. Porter, W. H. Fuller, and J. L. Fuller, for petitioner.

Mayer & King, for respondents.

BAYLESS, J.   Clarence Williams, hereinafter called claimant, was injured while in the employment of Rock Island Improvement Company, carrying its own risk, hereinafter called petitioner, on April 8, 1930, under such circumstances as to entitle claim- ant to compensation under the Workmen's Compensation Act. Claimant, who was riding on a car loaded with coal up a mine entry, was suddenly thrown backward on the car, face upwards, and his face was lacerated, cut, bruised, and torn by being dragged along against the roof of the mine. Report of the accidental injury was made to the Commission May 20, 1930, by the respondent in the form of two written reports. A memorandum of agreement and stipulation and receipt was filed with the Commission August 25, 1930, executed by claimant and respondent, showing the nature and extent of the injuries, the extent of the disability as "temporary," that the period of temporary disability was 14 weeks and one day, and that all compensation and medical expenses had been paid. On September 15, 1930, the Commission entered an order approving such stipulation and agreement, and further ordered that the case be closed as to temporary total disability. April 7, 1932, claimant filed a "Motion for Hearing," reciting these facts, and asking that the extent of his "serious and permanent disfigurement," be determined. Respondent filed a response setting up two defenses: (1) The matter had been closed and the Commission was without authority to reopen to award for disfigurement; and (2) the claimant had not filed a claim for disfigurement within one year of the date of the injury, or of the filing of the stipulation and receipt, or of the date of the approval thereof, and that such claim was barred by the statute of limitation. A hearing was had at which testimony was introduced, over the objections of respondent, to the effect: (1) The employment; (2) the injury; (3) payment of all compensation for loss of time; (4) no payment for disfigurement; (5) the description of the scars; and (6) doctors' testimony that claimant suffered "serious and permanent disfigurement of the face, head and hands as a result of his injury of April 8, 1930." Based upon this evidence the Commission found:

"2.   Arising out of and in the course of his said employment claimant, on April 8, 1930, sustained an accidental personal injury to his face, hands, and head, as a result of which he was temporarily totally disabled as indicated by form 7, Stipulation and Receipt, filed with the Commission on August 25, 1930;

"3.   The Commission further finds: That since the filing of said form 7 herein, this claimant has suffered a change in his condition as a result of the aforesaid injury, in that he now suffers serious and permanent disfigurement to his face and hands"

—and awarded $500 for "the serious and permanent disfigurement claimant suffered to his face and hands. * * *" This appeal resulted.

Petitioner contends: (1) There is no evidence of a change of condition; (2) that the Commission was without jurisdiction, because no claim was filed for disfigurement within one year. Claimant urges in opposition to this: (1) That the authority to make the award did not depend upon a change of condition; and, (2) the filing of the stipulation and receipt was sufficient to vest the Commission with jurisdiction for all purposes under the act.

We will consider the second contention of each of the parties first and together. The record in this case shows that claimant did not file a notice of injury or a claim for compensation within one year of the date he received the injury. He filed no separate pleading of his own until the motion of April 7, 1932. However, the record does affirmatively show that the petitioner gave notice to the Commission of the injury May 20, 1930, showing that it had actual knowledge of the accident, the injury, and its extent; that it was furnishing medical attention, and, on August 25, 1930, when both parties filed the stipulation and receipt, respondent represented and stated to the Commission that it had paid compensation and medical expenses. In Steffens Ice Cream Co. v. Jarvis, 132 Okla. 300, 270 P. 1103. we held:

"Can it be said that the petitioner here, after reporting the injury and admitting the injury and liability; after the insurance carrier, acting on behalf of petitioner, had paid compensation for 20 months, admitting the injury and liability thereon; after the attending physician had reported to the Industrial Commission the nature and character of the injury, the treatment given claimant; that the petitioner then could be heard in this court to say that the plaintiff's claim was barred by this statute? We think not.

"There is no particular form of pleading required to give the State Industrial Commission jurisdiction to hear and determine a claim for compensation. Anything filed with the Industrial Commission that challenges its attention, causes it to act, is sufficient to put in motion the process of the Industrial Commission to see that compensation is paid to injured employees. It was intended by the Legislature that the Industrial Commission should supervise and protect labor and compel industry to pay for the loss of man power occasioned by accidents arising in the particular industry.

"The statute requires the employer to report all injuries to employees arising out of and in the course of their employment. Petitioner made this report; complied with the statute; the insurance carrier complied with the statute and paid compensation due. We think this was sufficient to challenge the attention of the State Industrial Commission and give it jurisdiction of this claim. It would be a foolish thing to require the injured employee to file a claim with the State Industrial Commission, asking for that which had been furnished him, asking for that which the employer and insurance carrier admitted was due the employee, and was being paid as provided by law.

"Can it be said that the Legislature intended that an employee, after an injury, who was receiving all that the law allowed him in medical attention, hospitalization and compensation, that he was then compelled to file a claim with the State Industrial Commission or that after twelve months he would be forever barred? We think not.

"We must, therefore, hold that the Industrial Commission had jurisdiction to make the award made in this case."

See Skelly Oil Co. v. Standley, 148 Okla. 77, 297 P. 235.

We, therefore, hold that the employer's first notice of injury and the stipulation and agreement of the parties on form No. 7 were sufficient to challenge the attention of the Commission and to give it complete jurisdiction for all purposes in connection with said injury contemplated by the act.

Further consideration of this point involves a discussion of the first point, and what is here said applies to both. Petitioner cites and relies upon Steffens Ice Cream Co. v. Jarvis, 132 Okla. 300, 270 P. 1103, W. R. Pickering v. Tincup, 132 Okla. 241, 269 P. 262; Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 P. 963; Magnolia Petr. Co. v. Edgett, 151 Okla. 79, 1 P. (2d) 758, and Tulsa Lead & Zinc Co. v. Acary, 154 Okla. 205, 7 P. (2d) 417, as establishing this rule: Where the Commission considers and approves an agreed statement of facts or a stipulation and receipt, as in this case, and compensation is paid thereunder, it has no jurisdiction to reopen the matter after one year, except upon a change of condition. By its argument, we are told that such agreed statements limit the consideration of the Commission to the injury and the specific disability mentioned therein, and no other; that claim for other specific disability, not therein mentioned or compensated for, must be filed within one year from the date of filing or approval or it is barred; but it admits that, upon change in condition in re-

spect to the disability agreed upon and compensated for, when not on joint petition, it may be reopened at any time, under the rule of continuing jurisdiction announced by us.

Claimant contends under the following cases, Dailey v. Rand, 155 Okla. 229, 8 P. (2d) 738, and Geis Price Grain Co. v. Bailey, 155 Okla. 302, 9 P. (2d) 424, that the order of approval of an agreed statement or stipulation applies to the matters considered therein, and can only be reopened by a change of condition; but that any specific disability then known or thereafter becoming apparent, directly attributable to the accidental injury in mind, is still within the jurisdiction and power of the Commission, regardless of change of condition.

When these cases are considered, it will be found that there is no conflict in the rules announced, and this is because of the matter therein involved. In each of the cases cited by the petitioner, the injured employee was attempting to recover additional compensation or to extend the percentage of the specific disability already compensated for, which can only be done by showing a change of condition. In the cases cited by the claimant, the Commission had allowed compensation for a specific disability not considered at the first hearing or award although connected with the same injury. Under the authority of the cases cited by claimant, this can be done.

No reason appears in the record before us why an award was not made for disfigurement in the order of September 15, 1930.

The stipulation says nothing about disfigurement. The order of that date closes the case "as to temporary total disability." The evidence taken at the hearing on April 29, 1932, plainly shows that such disfigurement resulted from the accident of April 8, 1930. The injury received, the nature and extent thereof, the minute, detailed, written report thereof, made within a few days of its occurrence, and the stipulation and receipt filed four months thereafter, all give abundant evidence of an injury likely to produce serious and permanent disfigurement. The attention of the Commission thereto was challenged and its jurisdiction and power to compensate therefor invoked.

The situation herein presented is very similar to that presented in Skelly Oil Co. v. Standley, 148 Okla. 77, 297 P. 235, where the Commission approved a stipulation filed, covering "crushed chest, cut leg, bruised face, mashed finger," and closed the case as to temporary total disability, but later reopened the case and allowed compensation for the loss of the use of an arm resulting from the original injury. The contention of the employer in that case was the same as in the one before us:

"The claim of the claimant is barred by the one year statute of limitations provided by sec. 7301, C. O. S. 1921, for the reason that he did not file a claim for compensation for injury to his right arm with the Commission within one year after the date of the injury."

We quote our discussion of that proposition in that case, and adopt it as decisive of the point herein:

"The stipulation and agreement of December 10, 1928, was in contemplation of an accidental injury within the terms of the act.

"The extent of the accident was agreed to be 'temporary total,' the payment was not for any specific injury, as for example 'crushed chest, cut leg, bruised face and mashed finger,' but 'on account of disability resulting from injury sustained by claimant on above date.' True, the disability was based upon injuries specifically enumerated.

"In this case the injured employee did institute proceedings within the one-year statutory period (said by petitioner to be a bar to recovery for this specific injury to the employee's arm). Jurisdiction was thus vested in the Commission so as to cover any other disability resulting from the accident.

"It is insisted that disability resulting from the injury to the arm was not claimed or made a part of the agreed statement of facts, and, therefore, the Commission is without jurisdiction to act in review of the aggravated condition as contemplated by section 7296, supra. This is tantamount to saying that the full effect of the accident must be known by the claimant and reported by him within the statutory period, and, if not, compensation cannot be allowed. Such a holding would be contrary to the spirit of the act as well as the liberal interpretation policy adopted. Moreover, section 7296, provides for a review of an award 'on the ground of a change in conditions.' A liberal interpretation impels us to hold that the change in condition, when proven, permits a continuing jurisdiction to end, diminish, or increase compensation previously awarded, even though the change in condition manifests itself in injuries not expressly enumerated in the original award, but yet attributed to the original accident.

"Section 7325, C. O. S. 1921, prior to amendment, S. L. 1923, p. 128, sec. 13, was considered by this court as warranting a continuing jurisdiction over 'each case.' Sun Coal Co. v. State Ind. Comm., 84 Okla. 164, 203 P. 1042.

"Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 P. 750, so holds:

"'The power and jurisdiction of the State Industrial Commission under the Workmen's Compensation Act, ch. 246, S. L. 1915, over each case submitted to it is continuing. * * *'

"United States Fidelity & Guaranty Co. v. Harrison, 125 Okla. 90, 256 P. 752, so holds, in a case where the Commission in its original award had overlooked 'a 'back injury,' but made an award for a 'leg injury.' However, therein claim was originally filed for both injuries.

"Consequently we hold that the agreement constituted a claim; that the same was filed within the statutory time; that the claim was one for disability resulting from the accident of September 12, 1928, all of which made a case of which the Commission had continuing jurisdiction, as heretofore recited, so that the statute of limitation urged was not and is not applicable."

At least everyone connected with this appeal had knowledge of the wounds to the claimant's face and hands, the nature and extent thereof, and this fact, together with the significant language of the Commission in the order of September 15, 1930, limiting the compensation received "for temporary total disability to face," and in closing the case thus, "that the case be closed as to temporary total disability,' leads to the natural and reasonable inference that the Commission was not attempting to pass upon the disfigurement at that time, but was reserving the matter for future action under its continuing jurisdiction. This it could do.

Therefore the award of the Commission is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur.