## SLICK et al. v. WALLACE et al.

No. 24054. Oct. 31, 1933.

Thurman, Bowman & Thurman, for petitioners.

Earl Sadler, for respondent A. L. Wallace.

CULLISON, V. C. J. This is an original proceeding in this court by T. B. Slick and the Century Idemnity Company, to review an award of the State Industrial Commission made August 11, 1932, in favor of A. L. Wallace, claimant.

Said award recited that, on July 18, 1930, claimant was in the employment of respondent (petitioners herein) and engaged in a hazardous occupation subject to the Workmen's Compensation Law. That on said date he sustained an accidental personal injury arising out of and in the course of his employment, consisting of an injury to the left leg and foot. That the weekly rate of compensation, under claimant's earnings at the time of the injury, was $18 per week. That by reason of said injury claimant has heretofore been paid compensation for temporary total disability in the sum of $15 for 5 days beyond the statutory waiting period. Paragraph 4 of said award is worded as follows:

"That the injury sustained by the claimant on July 18, 1930, was an injury to the left leg and foot and that the employers' first notice of injury, the form 4 and form 7 on file in this case wherein it is set forth that the injury was to the right leg, is merely a clerical error."

Said award further found that by reason of said accidental injury claimant has sustained a change in the condition of his left foot since the signing of the form 7 on August 25, 1930, in that he now has a 15 per cent. permanent partial disability to the left foot.

The award ordered petitioners herein to pay claimant compensation therefor at the rate of $18 per week for 22 1/2 weeks, or the sum of $405.

Petitioners herein base their action to review upon the two following propositions:

"(1) The award is contrary to law because the stipulation and order thereon had become final. The Commission had no jurisdiction to hold the stipulation and order not binding because of a clerical error.

"(2) Assuming that the Commission had authority to vacate its prior order on the ground of a clerical error, its finding that reference to the injury being to the right leg was a 'mere clerical error' is not reasonably supported by the evidence."

The record discloses from the testimony of claimant that the injury was to his left leg. That he so informed the attending physician and that said physician treated the left leg. That he had never received an injury prior to this one to his left leg. That he had never received an injury at any time to his right leg. Dr. E. White testified that he examined claimant on May 2, 1932, at which time claimant gave him a history of an injury to the left leg on July 18, 1930, and that he treated claimant's left leg. That claimant has reached the end of the healing period and taking the physical findings and X-ray findings into consideration the doctor concludes claimant has approximately 15 to 20 per cent. permanent loss of use of the left leg below the knee.

The deposition of Louis Clyde Price was to the effect that he was foreman, or gang pusher, over claimant at the time of the injury, and that he saw the accident occasioned by the gate striking claimant's left leg. He fixes this fact in his mind by reason of the fact they were playing baseball daily after working hours, and that as manager of the ball team he examined claimant's left leg daily. He further testified that he reported the injury to the company as being an injury to the left leg.

Dr. W. P. Cottrell testified concerning his office memorandum card and attending physician's report (form 4) based thereon which gave the injury as being to claimant's right leg, and stated that those instruments were made out by students and stenographers in his office, that he did not remember the claimant, and that he could not swear which leg he examined. The doctor examined claimant in open court and testified the left leg was larger than the right, and that there is no visible evidence of any injury to the right leg. The doctor estimates that claimant has 10 per cent. disability in his right leg.

The medical report of Dr. John F. Burton states that claimant gave him a history of an injury to the left leg on July 18, 1930. That at present there is a purplish colored scar on claimant's left lower leg 1 1/2 inches in diameter.

Claimant further testified that the form 7 was prepared in the office of his employer and that he did not read the same when he signed it. That the same is incorrect as to the leg injured. That the injury was to the left leg, and not the right leg as therein contained.

Earl Sadler, attorney for claimant, testified that in the motion to reopen which he prepared and filed for claimant, it was merely by error that he used the words "right leg" instead of "left leg." That inadvertently he copied the form 7 present in the files of the Commission and over-

94

looked the fact that claimant had told him and the attending physician that the injury was to the left leg, and for that reason he asked the Commission to correct the description of the injury to speak the truth.

We observe that the evidence is undisputed and conclusively shows that claimant received an injury to his left leg, and that his left leg was treated and not the right one. We further observe that the order approving the amount paid for temporary total disability in the form 7 merely used the words "foot and leg," without specific designation, there being no evidence offered at that time. The record contains no evidence to show that the right leg of claimant has ever been injured. Claimant testifies that it has never been injured.

A case strikingly similar to the one before us is Tulsa Lead & Zinc Co. v. Acary, 154 Okla. 205, 7 P. (2d) 417. We quote from page 207 (Okla. Reports) of the opinion:

"The Commission made a finding that there was in fact a change in condition, and if there was any competent evidence to sustain the finding, the award must be affirmed. Petitioners contend, however, that there was no competent evidence to sustain the findings and award. There is but little conflict in the evidence as to the extent of loss of vision of claimant's right eye. There is ample evidence to support the claimant's contention as to the material change in condition as to his right eye.

"The contention of petitioner is that claimant never received any accidental injury to his right eye, and that in fact it was the left eye that was injured, and that the condition of the right eye was in no way attributable to the accidental injury.

"The attending physicians testified that from their records it was claimant's left eye that was injured, and one of the attending physicians testified that claimant stated to him at the time he appeared for treatment that he could not see with his right eye, and that his right eye had been injured when he was a boy. Their first reports would seem to bear them out as to which eye was injured by the accident, as the original report of one attending physician in describing the nature and extent of the injury, 'foreign body adhered to upper lid left eye.' The original report of the other attending physician as to the nature and extent of the injury stated 'foreign body imbedded nearly through cornea with infection over pupil of left eye.'

"Claimant and some five or six other witnesses who had known him for a number of years testified positively that it was the right eye that was injured in the accident. Claimant testified positively that he had never had any injury to the right eye other than the one claimed for, and that the sight thereof was good prior to the date of the injury, and positively denied that he had ever stated to the physician that his right eye had been injured when he was a boy.

"With the evidence upon the only question of fact in controversy thus in conflict, the finding of the State Industrial Commission thereon is binding upon this court under section 7294, C. O. S. 1921, as amended by Laws 1923, c. 61, section 7, and many decisions of this court.

"The finding and award of the State Industrial Commission is therefore affirmed."

Therefore, in view of the record before us and upon the authority of the case just cited and quoted, the award is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. BUSBY, J., absent.