## SKELLY OIL CO. v. GAGE et al.

No. 24293.  Feb. 13, 1934.

W. P. Z. German, Alvin F. Molony, Robert M. Turpin, and C. L. Swim, for petitioner.

John R. Guyer, Lester & Briggs, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

BAYLESS, J.  A. W. Gage, the claimant, received an accidental personal injury on February 12, 1930, while employed by the Skelly Oil Company, called petitioner. The nature and extent of the injury was described in the first report as: "Scalp wound, left side of chest bruised and right knee injured." The parties filed an agreement of settlement in which the injury was described as aforesaid. Based upon this agreement, the Commission entered an award approving the agreement for settlement, which was for 40 per cent. loss of the use of the right leg. A written report of two physicians was considered with this agreement, and this report stated the disability as "loss of use of the right leg," but made no mention of the injuries to the chest, neck, or head.

The claimant later filed a motion to reopen the case on the ground of a change of conditions. In this motion he alleged that the former settlement had been with respect to the disability to the leg only. He further alleged that his leg was now totally useless, the spine is now affected, and he is losing the sight of his right eye, is developing tuberculosis as the result of the chest injury; and, as a result of these, is now permanently disabled.

The evidence of the claimant at the hearing of this motion was that he had certain physical conditions now, and had had a similar physical condition at the time of the former award. It is his opinion that his physical condition is worse now than then. He further stated that he was unable to work at the time of the former award, a condition which had existed from the date of the injury and that he had not been able to work since. Physicians who examined claimant and reported on his condition at the time of the former award, and who then denied any disabling effects from the injury to the head, chest, and neck, still are unable to find any such effects at this time. Physicians who examined claimant at this time for the first time find a condition in the neck and spinal column which with atrophy of the muscles of the chest and a greater percentage of loss of use of the leg than 40 per cent. all combine to produce total permanent incapacity to labor. There was also medical proof of a small percentage of loss of vision in the claimant's one eye.

Upon this record the Commission found claimant had undergone a change in conditions since the former award, due to the head, chest, and neck injuries; that it has resulted in permanent partial disability; and his wage-earning capacity has been decreased $2 per day. It specifically found that there was no increased disability to the leg. It did not mention the eye. It then awarded compensation on the basis of 66 2/3 per cent. of $2 per day for a period of 300 weeks, less the 70 weeks theretofore paid in consideration of the leg.

The petitioner makes several contentions, but its main argument is that there is no evidence of a change in conditions since the former award.

We have heretofore held in U. S. F. & G. Co. v. Harrison, 125 Okla. 90, 256 P. 752, and Rock Island Improvement Co. v. Williams, 163 Okla. 297, 22 P. (2d) 368, that where a claim is made for compensation for certain specified injuries, and the Commission awards for some of these injuries and does not award for others, we will not apply the rule of res adjudicata to those injuries not mentioned in the award, but will presume that the Commission did not intend to adjudicate upon them at that time. This rule of law applies to the injuries to the claimant's chest, neck, and head, because, although he made claim for them, no mention was made of them in the order of approval of the Commission, and we must presume that the Commission held them open for future determination for some purpose best known to it.

We further held in those cases that it was unnecessary, in order later to receive an award for their effects, to show that a change of condition had taken place.

In all of the cases in which we have considered changes of condition and have announced the law applicable thereto, we have held that the change in conditions must be shown to have taken place since the former award. If there has been no former award or adjudication upon the condition arising from certain claimed injuries, there can be no change in conditions, legally speaking, therefrom.

We are, therefore, of the opinion that this case has been tried upon the wrong theory in so far as the chest, head, and neck injuries are concerned. The Commission specifically found at this hearing that there had been no change in condition in so far as the claimant's leg, previously adjudicated as to condition and awarded for, is concerned. It attempted to find that there had been a change in conditions as to the chest, neck, and head when it had not previously determined that such injuries arose out of the actual personal injury, or that they had passed the healing stage or their exact condition had been shown.

The award of the Commission is therefore vacated, and the cause is remanded, with directions to proceed in accordance with the views expressed herein.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, .OSBORN, and WELCH, JJ., concur.