### SKELLY OIL CO. v. GAGE et al.
No. 26028.   June 4, 1935.

W. P. Z. German, Alvin F. Molony, Robert M. Turpin, Wm. F. Pielsticker, and C. L. Swim, for petitioner.

Mac Q. Williamson, Atty. Gen., Houston W. Reeves, Asst. Atty. Gen., John Guyer, and Lester & Briggs, for respondents.

OSBORN, V. C. J. This is an original action in this court to review an award of the State Industrial Commission entered in favor of A. W. Gage, hereinafter referred to as claimant, against the Skelly Oil Company, hereinafter referred to as respondent.

The facts are that claimant, while working for respondent at its Asher gasoline plant located near Asher, Okla., fell into a tank, and as a result sustained a laceration of the scalp on top of his head, a severe bruise of his left chest, bruises of both knees, and a fracture of the patella or knee-cap of the right knee. The date of the injuries was February 12, 1930.

On June 28, 1930, a stipulation and agreement was entered on the Commission's form No. 7, stipulating that there was 18 weeks and five days of temporary total disability and 40 per cent. loss of the use of the right leg as partial permanent disability, and that compensation amounting to $1,354.32 was paid for such disability. The settlement was approved by the Commission.

On June 3, 1932, claimant filed a motion requesting that the case be reopened on the ground of a change in condition.

On November 4, 1932, the Commission entered its award wherein it found that the condition of claimant had changed due to the head and chest injuries, and ordered payment to claimant of the sum of $168 as compensation for permanent partial disability from June 3, 1932, to October 28, 1932, and to continue the payment of compensation at the rate of $8 per week until the period of 300 weeks had been paid, less 70 weeks' compensation theretofore paid.

A supersedeas bond was filed and the order and award of the Commission was presented to this court for review, and the award vacated and the cause remanded to the Industrial Commission. Skelly Oil Co. v. Gage, 167 Okla. 329, 29 P. (2d) 616. This court held that the case had been tried on a wrong theory so far as the chest, head, and neck injuries were concerned. A previous settlement had been made for injuries to the leg, and the Commission found that there had been no change in condition so far as the leg was concerned, but since there had been no determination or adjudication of any claim for injuries arising to claimant's chest, neck, or head, there could be, legally speaking, no change in condition, so far as these injuries were concerned, and held, in effect, that the Commission erred in considering a claim for further compensation on the theory of a change of condition. The cause was remanded, with directions to take further proceedings.

Thereafter claimant filed with the Commission a motion for an award for additional and further injuries, alleging all the injuries sustained by him, and set out in detail the results arising therefrom. It was alleged that claimant was permanently and totally disabled from engaging in remunerative occupation as a result of the injuries so received, and is entitled to an award for permanent total disability.

It was agreed by the parties that no additional evidence should be introduced, and the case should be tried upon the evidence theretofore submitted.

On April 16, 1934, the Commission made an award and thereafter on May 12, 1934, the award was set aside and on November 1, 1934, an award was made wherein it was found that claimant was then permanently and totally disabled and awarding compensation at the rate of $15.39 per week from June 23, 1930, continuing for a period of 500

weeks, less compensation theretofore paid. Supersedeas bond was filed and this award is presented to this court for review.

It is not contended by respondent that claimant is not, in fact, permanently and totally disabled by reason of accidental injuries arising out of and in the course of his employment. Respondent's position is purely technical and involves procedural issues only.

It is argued that the prior opinion establishes the insufficiency of the evidence to sustain an award in so far as injuries to the head and chest are concerned, and also establishes the fact that plaintiff has suffered no loss of earning capacity, and since no further evidence was introduced when the cause was remanded to the Commission for further proceedings, the above determinations now constitute the "law of the case". In this connection respondent misconstrues the prior opinion of this court. No issuable controversy of fact was determined therein. It was pointed out that the Commission had adopted a wrong theory of procedure. When the cause was remanded to the Commission, it proceeded in accordance with the prior mandate of this court, and determined claimant's disability in accordance with evidence previously taken, which was ample and competent to sustain a finding of total and permanent disability.

It is further argued that since a previous award had been made for disability to the leg, the Commission was not authorized to enter the present award for permanent total disability without making a finding as to a change of condition of the leg, and this, notwithstanding the fact that the latter award included disabilities other than that for which the previous award had been made. Respondent's position is not supported by the authorities cited, nor by any provision of the Workmen's Compensation Law. There would be some merit in respondent's position if we were now concerned only with a disability arising from an injury to the leg, but the disabilities arising from injuries to claimant's head and chest had never been theretofore determined and no award made therefor. The mere fact that mention was made of injuries to the leg in the latter award is wholly insufficient to invalidate the award. Full credit was given to respondent in making the latter award for all compensation previously paid, including that for temporary total and permanent partial disability to the right leg.

It is next contended that it is contrary to law and prejudicial to the rights of the employer for the Commission, after timely request, to refuse to make findings of fact respecting pertinent matters in issue. Under the facts in this case the rule announced in the case of Wise-Buchanan Coal Co. v. Ray, 157 Okla. 197, 17 P. (2d) 360, is controlling. Therein it is said:

"Under the provisions of section 7294, C. O. S. 1921, as amended by section 7, chapter 61, Session Laws 1923, it is not required that the order granting or denying an award to the claimant shall contain a finding of the facts upon which the order is based; it is necessary only that it shall contain a 'statement of its conclusion of the facts' at issue and its rulings of the law applicable."

See, also, Christian v. Hanna, 144 Okla. 89, 289 P. 708; Glasgow v. State Industrial Commission, 120 Okla. 37, 250 P. 138; Graver Corporation v. State Industrial Commission, 114 Okla. 140, 244 P. 438.

The award is sustained.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.