BRYANT v. STATE INDUSTRIAL COMMISSION et al.

No. 30287.   Jan. 27, 1942.

Rehearing Denied June 16, 1942.

*126 P. 2d 716.*

Robinson & Oden, of Altus, for petitioner.

Williams & Teague, of Oklahoma City, J. W. Watson, County Atty., of Hollis, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, J. This action was commenced to review an order of the State Industrial Commission denying an award to R. H. Bryant. In its order de-

nying the award the State Industrial Commission assigned as its reason the fact that the petitioner had not filed his claim within one year after the accidental injury of which complaint is made or within one year after the payment in lieu of compensation for such accidental injury.

It is alleged in the claim, which was filed on the 15th day of January, 1940, that the accidental injury occurred on August 28, 1936. The petitioner, in effect, presents two arguments: (1) That he was paid in lieu of compensation by his employer; (2) his employer had him make out a claim and the claim would have been filed but for the negligence of the said employer.

The record discloses in this case that the State Industrial Commission's record reflects that no claim was ever filed by the claimant until January 15, 1940. The accident occurred August 28, 1936, and the claim of the injured employee was therefore filed approximately 3½ years thereafter. The delay in filing said claim for more than a year after the occurrence of the injury would have to be explained and satisfactory legal excuse made therefor, or else the Industrial Commission would not have jurisdiction to entertain the belated claim of the injured employee. In this regard the claimant undertakes to excuse such delay by offering evidence which he contends shows that compensation was paid by his employer within a year preceding the filing of his claim on January 15, 1940, and that his employer had promised to file his claim for him, and if same were not filed within the time prescribed, the employer was negligent and would thereby be estopped to interpose the one-year statute of limitation. However, there is no evidence in the record that would sustain a finding that the petitioner was paid any compensation or wages in lieu of compensation that would toll the statute. Section 13367, O. S. 1931, 85 Okla. St. Ann. § 43. The records of the employer, the county commissioners of Harmon county, reveal that claimant was paid for work performed by him for the county in the

year 1937, 1938, and 1939. In this connection the claimant testified that even though the records of the county disclosed that he worked during that period, yet the work shown by said records to have been done by him was in fact done by his son. This evidence would be wholly insufficient to sustain a finding that claimant was paid compensation within the statutory period of one year. The most favorable interpretation that can be given claimant's doctor's testimony is that he treated the claimant for a short time, or for a few months, after the injury; that claimant came in occasionally thereafter; but that he could not remember whether he was requested by the county to administer treatment. He further testified that he considered claimant a private patient.

The contention of the claimant that his failure to file the claim within the statutory period was occasioned by the negligence of his employer is untenable. The most favorable interpretation to be given claimant's testimony in this regard is that he was instructed by his employer to go to the county clerk and execute employee's first notice of injury and claim for compensation, which claimant and other witnesses testified he did. The claimant and other witnesses testified that this notice of injury and claim for compensation prepared by the county clerk and executed by claimant, together with employer's first notice of injury prepared and signed by the employer, were placed in a stamped envelope, properly addressed to the State Industrial Commission at Oklahoma City and deposited in the United States mail for delivery. The claimant gave testimony to his personal knowledge that these things were done. If it be true that these things were done as the claimant testified, then his employer was in no wise negligent. The records of the county commissioners, county clerk, and the State Industrial Commission were checked, and none of such records show the happening of these events or that such a claim was mailed to or received by the Industrial Commission. In consideration of this

testimony the Industrial Commission found, as a matter of fact, that the claim of the injured employee was not filed until January 15, 1940. This finding of the Industrial Commission is supported by the record in the case.

Petitioner relies upon Magnolia Petroleum Co. v. Edgett, 151 Okla. 79, 1 P. 2d 758; Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 P. 963; Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okla. 213, 23 P. 2d 381. These cases announced the rule that payment in lieu of compensation tolls the statute, and if claim is filed after remuneration is paid in lieu of wages within one year after last payment, said claim is valid and binding. While this is a correct rule under our Workmen's Compensation Act, it is obvious that it has no application to the facts in this case.

It having been shown that there was no negligence on the part of the employer in this case, the cases cited by the petitioner in this connection have no application.

The order of the Industrial Commission denying compensation is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur.