## STEFFENS ICE CREAM CO. v. JARVIS et al.

No. 18514. Opinion filed June 5, 1928.

Rehearing Denied Oct 16, 1928.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Cessation of Payments After 20 Months by Reason of Insurance Carrier's Insolvency—Jurisdiction to Enforce Payments by Employer.**

Where an employee sustains an accidental injury in the course of employment, and the employer reports the accident to the State Industrial Commission, and the insurance carrier reports to the State Industrial Commission that it has complied with the law and is paying compensation to the injured employee, and the attending physician reports to the State Industrial Commission that medical attention and hospitalization are being given the injured employee, and the insurance carrier pays the compensation allowed by law for a period of 20 months, and then becomes bankrupt, and payment is stopped, and the State Industrial Commission then cites employer to show cause why said payments should not be made held, that the report of the employer and insurance carrier was sufficient to invoke the jurisdiction of the State Industrial Commission, and that said cause is not barred by the one-year statute of limitations.

2. **Same—Appeal — Findings Conclusive Where Supported by Evidence.**

An award and finding of the State Industrial Commission upon questions of fact is conclusive upon this court, where there is any competent evidence reasonably tending to support such finding and award.

Original action by the Steffens Ice Cream Company to review an award of the State Industrial Commission in favor of Frank Jarvis. Affirmed.

Clayton B. Pierce, for petitioner.

Norman H. Wright and Edwin Dabney, Atty. Gen., for defendants in error Frank Jarvis and State Industrial Commission.

CLARK, J. This is an original action brought in this court to review an award of the State Industrial Commission made on the 10th day of June, 1927.

Petitioner contends that the State Industrial Commission was wholly without juris-

diction to make said order and award, and that the evidence was insufficient to support the award.

The record in this case discloses that claimant was in the employ of petitioner, Steffens Ice Cream Company, and that the Integrity Mutual Casualty Company was insurance carrier. Evidence disclosed that, on or about the 12th or 13th day of September, 1924, respondent, Frank Jarvis, sustained an accidental injury while in the employ of petitioner, which resulted in a wrenched or crippled back.

Petitioner notified the State Industrial Commission, and filed with the State Industrial Commission a complete statement of the injury, which stated the particulars of the injury, the date of injury, name of the attending physician, name of the insurance carrier. This notice was filed with the Industrial Commission on September 20, 1924. On September 25, 1924, the insurance carrier, Integrity Mutual Casualty Company, filed with the State Industrial Commission a report of initial payment of compensation. The attending physician immediately thereafter filed with the State Industrial Commission the physician's report, giving the name of the respondent, date of injury, the insurance carrier, and the employer, and an account of the medical attention and services rendered the injured employee.

The record further discloses that the injured employee remained in the hospital for several months under the treatment of Dr. Von Wedel; that the insurance carrier paid the amount of compensation due for about 20 months, being the sum of $16.66 per week; that said insurance carrier became insolvent, and claimant's compensation for that reason was stopped.

The Industrial Commission then cited petitioner, Steffens Ice Cream Company, to come in and show cause why they should not be liable for continuation of the compensation. Upon a hearing the Commission entered its order, finding that claimant had sustained an accidental injury arising out of and in the course of his employment, and that petitioner was temporarily totally disabled, and made an award giving claimant compensation up to and including August 26, 1926, and made the further order that the rate of compensation due claimant by reason of partial disability should be determined by the wage earning capacity of claimant from and after August 26, 1926

This is the order and award of the Industrial Commission brought here for review.

Petitioner relies on section 7301, C. O. S. 1921, which reads as follows:

"The right to claim compensation under this act shall be forever barred unless within one year after the injury a claim for compensation hereunder shall be filed with the Commission."

It is the contention of petitioner that the failure of the claimant to file a claim with the Industrial Commission within one year from the date of the injury deprives the Industrial Commission of jurisdiction to make the award so made and entered herein on the 10th day of June, 1927. Petitioner cites many cases holding that claims that are not presented to the Industrial Commission within the statutory period of limitations are barred. With this line of authorities we agree. The statute of limitations is a statute of repose. The Legislature provides same to prevent fraud, to protect litigants from stale claims. This is a special statute of limitations covering a special and specific class of claims.

Can it be said that the petitioner here, after reporting the injury and admitting the injury and liability; after the insurance carrier, acting on behalf of petitioner, had paid compensation for 20 months, admitting the injury and liability thereon; after the attending physician had reported to the Industrial Commission the nature and character of the injury, the treatment given claimant; that the petitioner then could be heard in this court to say that the plaintiff's claim was barred by this statute? We think not.

There is no particular form of pleading required to give the State Industrial Commission jurisdiction to hear and determine a claim for compensation. Anything filed with the Industrial Commission that challenges its attention, caused it to act, is sufficient to put in motion the process of the Industrial Commission to see that compensation is paid to injured employees. It was intended by the Legislature that the Industrial Commission should supervise and protect labor and compel industry to pay for the loss of man power occasioned by accidents arising in the particular industry.

The statute requires the employer to report all injuries to employees arising out of and in the course of their employment. Petitioner made this report; complied with the statute; the insurance carrier complied with the statute and paid compensation due. We think this was sufficient to challenge the attention of the State Industrial Commission and give it jurisdiction of this claim. It would be a foolish thing to require the injured employee to file a claim with the State Industrial Commission asking for that which had been furnished him, asking for that which the employer and insurance carrier

admitted was due the employee, and was being paid as provided by law.

Can it be said that the Legislature intended that an employee, after an injury, who was receiving all that the law allowed him in medical attention, hospitalization and compensation, that he was then compelled to file a claim with the State Industrial Commission or that after twelve months he would be forever barred? We think not.

We must therefore hold that the Industrial Commission had jurisdiction to make the award made in this cause.

It is next contended by the petitioner that the evidence was insufficient to support the finding of the State Industrial Commission. We have examined the evidence. While the same is conflicting, there is sufficient evidence to support the award and finding of the State Industrial Commission.

Petitioners cite and rely on case of St. Louis Mining & Smelting Co. v. Industrial Commission, 113 Okla. 179, 241 Pac. 170, which quotes from the Oklahoma Hospital v. Brown, 87 Okla. 46, 208 Pac. 785, as follows:

"When, in an action for personal injury, the injury complained of is of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proven by the testimony of skilled professional persons."

It is true that several physicians testified in this case that they could see no reason why claimant was injured; that they did not know the cause of claimant's injury to be his back. With this rule of law we find no fault, but one of the doctors who testified had kept claimant in the hospital several months; had furnished him a steel brace for his back; had noticed calloused places on his hands from using crutches, and this claimant testified that his back was in such a condition that he could not walk without crutches, and we cannot agree that claimant must be an expert to know when his back is so weak that he cannot stand alone without crutches. It does not require an expert to tell or to determine whether or not the man himself is able to walk. The injured party knows the extent of his disability or his inability to walk.

We must therefore conclude that the finding of the Industrial Commission is not without competent evidence to support the same. It is affirmed.

MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.