**W. R. PICKERING LUMBER CO. et al.
v. TINCUP et al.**

No. 18838. Opinion Filed July 17, 1928.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Finding that Injury Arose in Course of Employment not Disturbed if Supported by Evidence.**

The finding of the State Industrial Commission that an injury arose out of and in the course of employment is a finding of fact, and where there is any evidence reasonably tending to support the same, it will not be disturbed upon review by this court.

2. **Same—Employee's Failure to Give Statutory Notice of Injury—No Bar to Recovery Where Employer Had Actual Notice.**

Where it appears that no written notice of the injury was given by the employee as required by section 7292, C. O. S. 1921, but the employer had actual notice of such injury immediately after it occurred, held that such failure to give the statutory notice is not a bar to the claimant, in the absence of proof by the employer that he was prejudiced thereby.

Original action by the W. R. Pickering Lumber Company and another to review an award by the State Industrial Commission to Henry Tincup. Award affirmed.

Lydick, McPherren & Jordon, for petitioners.

Edwin Dabney, Atty. Gen., and Ralph G. Thompson, Asst. Atty Gen., for respondents.

CLARK, J. This is an original action filed in this court by petitioners, Pickering Lumber Company and Consolidated Underwriters, to review an award of the State Industrial Commission made and entered on the 20th, day of September, 1927, which award found that respondent Henry Tincup was temporarily totally disabled and that he was entitled to compensation at the rate of $18 per week from the 2d day of January, 1927.

The record in this cause discloses that respondent was working for petitioner W. R. Pickering Lumber Company as yard foreman; that said petitioner was conducting a wholesale and retail lumber business; that on December 28, 1926, respondent and other employees, while in the lumber yard, got into a dispute in regard to a statement or report made by respondent to petitioner's district manager; and that one Reddout, a day laborer in the employ of the lumber company, struck respondent with a club. His skull was fractured, and he was otherwise seriously and severely injured. This all occurred during work hours, upon the premises of the lumber company where respondent worked.

Several assignments of error are made in petitioner's petition, which may be grouped under two heads: First, that there was no evidence to sustain a decision or award that the respondent was injured in the course of his employment; and, second, that the decision and judgment of the State Industrial Commission is contrary to law.

The record discloses that respondent was injured in the yards between 7 and 8 o'clock in the morning, after the usual time at which the employees came to work; that he was injured in that part of the yard, to wit, the warehouse, the place of loading the trucks, where it was his duty to supervise the work of other employees and to assist therewith.

Petitioners contend that respondent failed to give written notice of his injury and is thereby barred.

The record discloses that petitioners had actual notice of the injury and that respondent was, by reason of serious illness from his injury, unconsciousness and confinement in bed, not able to give the written notice within 30 days as required by statute.

This court, in the case of Graver Corporation v. State Industrial Commission, 114 Okla. 140, 244 P. 438, in syllabus 4, said:

"Where it appears that no written notice of injury was given by the employee as required by section 7292, Comp. Okla. Stat. 1921, but the employer had actual notice of such injury immediately after it occurred, held, such failure to give the statutory notice is not a bar to the claimant in the absence of proof by the employer that he was prejudiced thereby notwithstanding such actual notice."

Petitioner offered no proof that it was prejudiced in any manner by failure of respondent to give the proper notice. This rule is too well settled to need further citation of authority.

The question of whether or not the injury arose out of and in the course of employment is a question of fact which has been determined by the Industrial Commission adversely to the petitioner.

Petitioner cites Sapulpa Refining Co. et al. v. State Industrial Commission, 91 Okla. 53, 215 Pac. 933, in which the fourth syllabus reads as follows:

"When a claimant, who was employed as a

pipe line walker, was coming to his work and was traveling along the customary road and in the customary way and within the time after his day's work began, was run over by a truck and his leg crushed, the decision of the Industrial Commission that the injury arose out of and in the course of the employment will not be disturbed on appeal."

This case is against the contention of petitioners and is an authority in support of the finding of the Industrial Commission in the case at bar.

Case of Oklahoma-Arkansas Telephone Co. et al. v. Fries et al., 128 Okla. 295, 262 Pac. 1062, in a well-considered opinion by Commissioner Leach, held that where an employee was called into the office of the employer, the doors locked, and such employer in a dispute in regard to the business shot and seriously wounded and injured the employee, the finding of the Industrial Commission that the same arose out of and in the course of the employment would not be disturbed by this court on review.

We therefore are of the opinion that the judgment and award of the Industrial Commission is not contrary to the law, but is supported by the law and the facts, and the same is affirmed.

LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 122, §127; anno. L. R. A. 191SF, 915; 28 R. C. L. p. 812; 3 R. C. L. Supp. p. 1597; 4 R. C. L. Supp. p. 1864; 6 R. C. L. Supp. 1761. (2) Workmen's Compensation Acts—C. J. p. 105, §102.