## ATLAS COAL CO. v. CORRIGAN et al.

No. 21403. Opinion Filed Feb. 10, 1931.

Rehearing Denied April 28, 1931.

Jones & Randolph, for petitioner.

Anton Koch, for respondent.

ANDREWS, J. This is an original action brought in this court to review an award of the State Industrial Commission in favor of the respondent herein.

The record shows that on Saturday, October 20, 1928, respondent sustained an accidental injury while employed by the petitioner. He was taken to his home. On Monday he was unable to return to work. He called the hospital and learned that the petitioner's physician was not in town. He notified the pit boss or foreman at petitioner's mine, who told him to see a doctor. He consulted a physician on Monday, and on Tuesday he consulted another physician. On Thursday, he consulted the petitioner's physician, Dr. Bollinger. On October 29th, Dr. Bollinger executed a physician's report to the State Industrial Commission on what is known as form 4. That report was filed with the State Industrial Commission on the 30th day of October, 1928. Therein Dr. Bollinger reported the name of the injured person, the date of the accident, who rendered first treatment, who furnished necessary medical supplies, the nature of the in-

jury and the treatment given. The respondent was treated by the petitioner's physician for a period of 14 months, at the end of which time he was informed that he had recovered, but that he could not ever work. During that period the petitioner paid respondent $18 per week, ending November 22, 1929.

The petitioner says that it did not report the injury to the State Industrial Commission or file with the State Industrial Commission receipts for payments made for the reason that it did not admit either injury or liability. Whether or not it is an admitted injury or liability is immaterial and the rights of employee to compensation as fixed by the act cannot be defeated by either the failure or refusal of an employer to report the injury or to file receipts for payments made. The record shows that payments were made by petitioner to employee at the maximum rate provided by the terms of the act for a period of more than one year.

The finding of the State Industrial Commission, being supported by competent evidence, is conclusive upon this court as to the facts. Nash-Finch Co. v. Harned, 141 Okla. 187, 284 Pac. 633.

On the 13th day of January, 1930, the respondent filed with the State Industrial Commission his motion to set the case down for trial to determine the extent of disability and the award for compensation. Thereafter the cause was tried and argued and the State Industrial Commission made an award in favor of the respondent. The petitioner, in the pleadings and at the trial, questioned the jurisdiction of the State Industrial Commission on the theory that no claim had been filed within one year after the injury as required by the statute. In addition to the doctor's report and the motion to set the case down for trial, the only instruments filed with the State Industrial Commission prior to the trial was a report of the injury signed by the respondent, which was filed under date of January 7, 1930.

The petitioner contended in its pleadings and during the hearing before the State Industrial Commission and contends herein that the State Industrial Commission was without jurisdiction to hear and determine the claim involved for the reason that the claim was barred by the provisions of section 7301, C. O. S. 1921; that the Workmen's Compensation Act confers a right upon workmen not theretofore existent under the statutes of Oklahoma or the common law; that under the provisions of the act the employer is liable for injuries to his workmen without regard to negligence; that the provisions of the act must be construed together; that the filing of the claim by the injured workman within the time provided is, in itself, a constituent element of the right to compensation and that the compensation may be awarded by the State Industrial Commission to an injured workman only when he applies for the same within one year from the date of the accident.

Section 7301, Id., reads as follows:

"The right to claim compensation under this act shall be forever barred unless, within one year after the injury, a claim for compensation thereunder shall be filed with the Commission."

The question presented is whether that statute is a limitation or condition attached to the right to compensation and is a limitation to the liability itself as created by the act, or whether it is a limitation of the remedy alone.

This court has heretofore determined that the provision is a limitation upon the remedy and not upon the right. Steffens Ice Cream Co. v. Jarvis, 132 Okla. 300, 270 Pac. 1103; W. R. Pickering v. Tincup, 132 Okla. 241, 269 Pac. 262. We do not care to depart from that theory of the law, and if there are any cases in this court contrary in effect, they are overruled.

Under the theory announced in those cases, the payment by the petitioner to the employee of the amount paid operated as an extension of the statutory period for the filing of a claim by the employee within one year, and the claim may be filed within one year after payments voluntarily paid have ceased.

Complaint is made that the State Industrial Commission refused to make a finding of facts as to whether or not a claim was filed by the employee with the State Industrial Commission within one year. Under the view we take of it, that error, if any, was immaterial.

The award of the State Industrial Commission, being supported by some competent evidence, was a determination by the State Industrial Commission that the payments made by the petitioner to the employee were in lieu of compensation due to him and that he sustained an injury arising out of and in the course of his employment for which the award was made. We find no error in the award, and the same is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., dissents.