## CARL B. KING DRILLING CO. et al. v. WILSON et al.

No. 23349. Opinion Filed April 18, 1933.

Clayton B. Pierce and Fred M. Mock, for petitioners.

D. D. Brunson, E. W. Kemp, and Opal M. Kemp, for respondents.

McNEILL, J. This is an original proceeding to review an order and award of the State Industrial Commission filed on January 8, 1932. Respondent was injured on October 26, 1928, and sustained injury to his eyes while he was pouring hot babbitt in a nipple which splashed in his left eye and some of it entered the right eye.

A report of initial payment of compensation was filed November 20, 1928. On June 11, 1931, respondent filed a motion setting forth that he had received $42 in settlement of his accidental personal injury, but that since said settlement he has suffered a change in condition of his eyes to such an extent that his eyes have become weaker in that he has sustained a 10 per cent. loss of vision in the left eye and 20 per cent. loss of vision in the right eye. The Commission held a hearing to determine the extent of disability on August 17, 1931, and also on October 24, 1931. Pursuant to such hearing the Commission on January 8, 1932, entered its order and award finding in part, as follows:

"That the claimant has heretofore been paid $42 by reason of his temporary total disability, from October 31, 1928, to Nov-

ember 13, 1928, beyond the 5-day waiting period, and that claimant's failure to file form 3 with the Commission until June 18, 1931, has not resulted in any prejudice to the respondent herein. * * *

"That as a result of said aforementioned accidental injury claimant has sustained a 10 per cent. loss of vision in the left eye and 20 per cent. loss of vision in the right eye, having an average, taking both eyes into consideration, of 15 per cent. loss."

The award for compensation was made for a period of 75 weeks in the sum of $1,355. Petitioners confine their discussion to one proposition of law, as follows:

"The court has construed section 7301, C. O. S. 1921, as being a limitation upon the remedy and not upon the right, and where respondent has not filed his claim within one year from the date of the injury, the same shall not be extended beyond one year from the date of the last voluntary payment of compensation made by petitioner to respondent."

In the instant case the record shows that petitioner filed with the Commission on form 2, on October 31, 1928, a report showing that respondent received an accidental personal injury while in its employ; that on the same date he quit work; that medical attention was provided immediately; and that the employee had not returned to work. The record also shows that on October 27, 1928, the attending physician made a report giving the date of the accident, and the nature and extent of the injury, as follows: "Corneal and conjunctival burn, also second and third degree burn of the upper and lower lids." and stated that the disability was likely to "exist for several days." It appears, however, that this report was inadvertently not filed with the Commission until the time of the hearing. It also shows that on November 20, 1928, the aforesaid report of initial payment of compensation was filed by the insurance carrier notifying the Commission that the compensation was started on 10-21-28. Date of injury 10-26-28; amount of first payment $36 from 10-31-28 to 11-13-28; average daily wage $42 weekly, and rate of compensation $18. The report of initial compensation filed presupposes that it was based upon a stipulation and receipt of the amount stated in report of initial payment of compensation. The fact that it is designated a report of initial payment of compensation imports the inference that other payments of compensation were contemplated to be made to the respondent on the same basis as reported in said report of initial payment of compensation. At the hearing counsel for petitioner stated to the Commission that he

would file the final receipt and report (of the physician). Respondent, on June 11, 1931, stated that he received the sum of $42 in settlement of said case, and that since said settlement he has suffered a change of condition in his eyes. In his first notice of injury and claim for compensation filed June 18, 1931, he states that he was able to return to work on December 26, 1928. Petitioners did not urge the approval of the initial payment of compensation on the part of the Commission.

This court has heretofore held in the case of Amerada Petroleum Co. v. Whitley, 156 Okla. 248, 10 P. (2d) 683:

"The making of such payments and filing report of initial payment of compensation constituted an acknowledgment on the part of the petitioner that the respondent had sustained a compensable injury."

We have also held in the case of Steffens Ice Cream Co. v. Jarvis, 132 Okla. 300, 270 P. 1103, as follows:

"The statute requires the employer to report all injuries to employees arising out of and in the course of their employment. Petitioner made this report; complied with the statute and paid compensation due. We think this was sufficient to challenge the attention of the State Industrial Commission and give it jurisdiction of this claim. It would be a foolish thing to require the injured employee to file a claim with the State Industrial Commission asking for that which had been furnished him. asking for that which the employer and insurance carrier admitted was due the employee, and was being paid as provided by law."

In the case of Reinhart & Donovan v. Roberts, 157 Okla. 102, 11 P. (2d) 125, the court in syllabus 1 said:

"When a stipulation and receipt on form prescribed by the State Industrial Commission is filed with the State Industrial Commission it becomes a substitute for an original claim. If approved, it is the basis for an award. If disapproved, it is a substitute for an original claim and becomes the basis for a hearing to determine extent of disability. No other notice of injury is necessary."

In the body of the opinion, the court also said:

"In the instant case the stipulation was entered into on April 9, 1930, only 15 days after the accident. The fact that no claim was filed on form 3 until July 3, 1931, does not bar the rights of the claimant, since, under the authorities cited and the facts presented, it was not necessary for the claimant to file any other notice or claim."

See, also, Johnson and New Amsterdam

Casualty Co. v. Miller and State Industrial Comm., 161 Okla. 31, 16 P. (2d) 1083.

We conclude that the jurisdiction of the Industrial Commission was sufficiently challenged and that the statute of limitations, section 7301, as contended for by the petitioner, has no application in the instant case. This section of the statute is a limitation upon the remedy and not upon the right. We hold that the foregoing papers filed with the Commission were sufficient to constitute a claim for compensation, and under the facts respondent was entitled to the award as found by the Commission.

We find no prejudicial error. Award affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, BAYLESS, BUSBY, and WELCH, JJ., concur. OSBORN, J., absent.