## SINCLAIR PRAIRIE OIL CO. v. SMITH et al.

No. 25235.    June 26, 1934.

Edward H. Chandler, Summers Hardy, and C. L. Canfield, for petitioner.

Robert D. Crowe, Asst. Atty. Gen., and Speakman & Speakman, for respondents.

BAYLESS, J. This is an original action filed in this court to review an award by the State Industrial Commission in favor of the respondent, Hurley Smith, and against the petitioner, Sinclair Prairie Oil Company. It is conceded by the petitioner that on the 2d of October, 1930, respondent Hurley Smith, while in the employ of petitioner. Sinclair Prairie Oil Company, sustained an accidental injury arising out of and in the course of his employment. That on October 8, 1930, petitioner filed with the State Industrial Commission employer's first notice of injury. That wages in lieu of compensation were paid to respondent until October 22, 1930. That respondent returned to work for petitioner and continued in such employment at intervals until October 1, 1931. That on January 26, 1932, respondent filed with the Commission employer's first notice of injury and claim for compensation, and on the same day filed an amendment to his original claim for compensation, and as a part thereof alleged that on October 1, 1931, while in the employment of petitioner, he wrenched his back, thereby renewing the injury there-

484

tofore received, and irritated and aggravated the same, and as a result thereof he was rendered bedfast. Petitioner filed answer denying that respondent had suffered any disability arising out of the alleged accident of October 1, 1931, and specially pleaded the bar of section 7301, C. O. S. 1921 (sec. 13367, O. S. 1931).

After various hearings, on November 9, 1933, the Commission made and filed its order, wherein it made the following findings of fact:

"That on the 2d day of October, 1930, claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, when a 2x4, 32 inches long, fell from the top of the rig and struck claimant on the head and back.

"That the average daily wage of the claimant at the time of the accidental injury was $6 per day, making his rate of compensation $18 per week.

"That respondent had actual notice of claimant's injury and sent claimant to Dr. Reynolds of Drumright, Okla., and filed employers' first notice of injury 6 days after said accidental injury, stating that they had provided medical attention.

"That by reason of said accidental injury, claimant was confined to his bed from October 7, 1930, to October 22, 1930, or for a period of 15 days, being 10 days beyond the 5-day waiting period, and was paid wages in lieu of compensation, at the rate of $18 per week for the time he lost.

"That claimant returned to work thereafter for respondent and worked off and on at intervals until October 1, 1931, at which time he again became temporarily totally disabled as a direct result of the accidental injury of October 2, 1930, and has so been temporarily totally disabled since October 1. 1931, and is so temporarily totally disabled and is confined to his bed at this time and in need of further medical treatment.

"That respondent had actual notice of claimant's injury of October 2, 1930, and are not prejudiced by any failure on the part of the claimant to give written notice of said injury in 30 days."

There is no question raised as to the sufficiency of the evidence to sustain the findings of the Commission. The petitioner makes four assignments of error, but they are all argued under one proposition, to wit:

"Respondent Smith's claim for compensation is barred by section 13367, O. S. 1931."

The above section of the statute reads as follows:

"The right to claim compensation under this act shall be forever barred unless within one year after the injury a claim for compensation thereunder shall be filed with the Commission."

This court is thoroughly committed to the rule that the above provisions of the statute are a limitation on the remedy and not upon the right itself. Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 P. 963; Pine v. State Ind. Comm. et. al., 148 Okla. 200, 298 P. 276.

If the filing of employer's first notice of injury with the Commission and the payment of wages in lieu of compensation to October 22, 1930, to the respondent were sufficient to invoke the jurisdiction of the Commission, then the contention of the petitioner must fall; otherwise, it should be sustained.

In Steffens Ice Cream Co. v. Jarvis, 132 Okla. 300, 270 P. 1103, we held:

"There is no particular form of pleading required to give the State Industrial Commission jurisdiction to hear and determine a claim for compensation. Anything filed with the Industrial Commission that challenges its attention, causes it to act, is sufficient to put in motion the process of the Industrial Commission to see that compensation is paid to injured employees. It was intended by the Legislature that the Industrial Commission should supervise and protect labor and compel industry to pay for the loss of man power occasioned by accidents arising in the particular industry.

"The statute requires the employer to report all injuries to employees arising out of and in the course of their employment. Petitioner made this report; complied with the statute; the insurance carrier complied with the statute and paid compensation due. We think this was sufficient to challenge the attention of the State Industrial Commission and give it jurisdiction of this claim. * * *"

The doctrine announced in the above case was challenged by the petitioner in the case of Pine v. State Industrial Commission et al., supra. However, Mr. Justice Riley, speaking for this court said:

"Steffens Ice Cream Co. v. Jarvis (1928), 132 Okla. 300, 270 P. 1103, is sought to be distinguished in that it is said the rule therein announced that no particular form of pleading is required to give the Commission jurisdiction is sound, but that the obiter dictum employed, to the effect that an employee who receives all the law allows is not compelled to file a claim in order to give

the Commission jurisdiction, is unsound for that the filing of a claim in some form or other in the specified time is necessary to confer jurisdiction, and without the filing of such a claim, in such time, jurisdiction cannot be conferred by estoppel, waiver, conduct, or consent, either expressed or implied. * * *

"But this court has held to the contrary and overruled all cases to the contrary and stated that 'the provision of section 7301, C. O. S. 1921, that the right to claim compensation under the Workmen's Compensation Act shall be forever barred unless within one year after the injury a claim for compensation thereunder shall be filed with the State Industrial Commission, **is a limitation on the remedy and not upon the right itself.'** Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 P. 963, the writer hereof dissenting."

Therefore, adhering to the rule as announced in the above cases, we are of the opinion that when the petitioner herein filed with the Commission employer's first notice of injury and paid wages in lieu of compensation to the respondent to October 22, 1930, the jurisdiction of the Commission was sufficiently invoked, and that having once attached it continued until such time as the Commission had made some final disposition of the cause. Section 13391, O. S. 1931. The petitioner might have had the extent of its liability determined at any time after the 8th of October, 1930. Section 13360, O. S. 1931. But having neglected to do this, it cannot complain that the Commission subsequently proceeded to exercise the jurisdiction which had been invoked by the acts of the petitioner and which it had previously acquired over the case. Petitioner cites Atlas Coal Co. v. Corrigan, supra; Pine v. State Industrial Commission, supra; Magnolia Petroleum Co. v. Edgett, 151 Okla. 79, 1 P. (2d) 758; Wilson & Co., Inc., v. Bollens et al., 155 Okla. 36, 8 P. (2d) 1; and Oklahoma Pipe Line Co. v. Farrell, 160 Okla. 58, 15 P. (2d) 599, in support of its contention in this matter. But Atlas Coal Co. v. Corrigan, supra, supports the conclusion herein. All of the other cases cited are distinguished, not only on the facts, but also on principle, from the case at bar. Having reached the conclusion we have in this case, the contention of the petitioner must be denied and the award of the Commission is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur.