**McCAWLEY et al. v. CRANE et al.**

No. 28545.   Dec. 13, 1938.

Pierce & Rucker and Fred M. Mock, for petitioners.

Anton Koch and Mac Q. Williamson, Atty., Gen., for respondents.

PER CURIAM.  On January 4, 1925, at about 2:30 in the afternoon, Minor Crane, while employed as a rig builder on the Carter lease for J. M. McCawley, sustained an accidental injury when he fell some 18 feet, lighting on both feet and injuring his feet. Without any application having been made, report of initial payment was filed February 4, 1925, by Aetna Life Insurance Company, the insurance carrier, showing the payment of $54 at the rate of $18 per week for a sprained ankle and arch.  This report gave the dates of payment from the 10th day of January, 1925, to and including the 30th day of January, 1925.  On the 18th day of February, 1925, an order approving a final payment of $6 and stating that it was making an aggregated payment of $60 was filed. On January 10, 1938, Minor Crane filed a motion to determine the extent of permanent partial disability, and on the 1st day of April, 1938, the State Industrial Commission entered its order and award finding that, due to the accidental injury of January 4, 1925, said Minor Crane had sustained a disability of 25 per cent. loss of the left foot.  John McCawley and Aetna Life Insurance Company seek to vacate the award. The parties will be referred to as they appear in the Supreme Court.

Petitioners first state that, since the respondent, at the time of payment of compensation approved by the State Industrial Commission, knew of some disability other than that for which he was being compensated, it became his duty to speak up and that by his silence he is estopped to ask for compensation at this late date.  This indeed is a novel theory.  In this connection petitioner argues in effect that when the settlement was made on February 18, 1925, and the last $6 was added to the 54 formerly paid, the presumption is that this was

a payment both for the total temporary disability and the permanent partial disability up to that time, and that thereafter no award could be made except on a change of condition. This is based upon the assumption of petitioners that at the time of the order of February 18, 1925, there existed permanent partial disability which it was the duty of the respondent to reveal; second, upon his failure to make any claim therefor until January 10, 1938. We find no authority supporting any such rule as suggested. In Croxton v. Buchanan, 170 Okla. 170, 39 P.2d 91, it is stated:

"Where an award based upon a receipt and report or stipulation is made by the State Industrial Commission, and, it being impossible to determine from the order of the commission or the receipt and report or stipulation what character of disability was determined or included in such award, the commission, upon a subsequent hearing, may consider competent evidence to determine the character or extent of disability determined by the prior award."

In the case at bar the order of April 1, 1938, entered by the State Industrial Commission stated that payment had only been made for temporary total disability, and we think the record clearly discloses that the only disability paid for prior to this time was for temporary total disability.

It must be remembered that the petitioner could have asked that the case be set down at any time and the permanent partial disability determined. Sinclair Prairie Oil Co. v. Smith, 168 Okla. 483, 34 P.2d 248; Croxton v. Buchanan, supra. Petitioners rely upon Sun Oil Co. v. Barclay, 148 Okla. 208, 298 P. 280, and McClenahan v. Oklahoma Ry. Co., 131 Okla. 73, 267 P. 657. There is nothing in these cases contrary to the holding in Sinclair Prairie Oil Co. v. Smith, supra, and the related authorities. Petitioners admit authorities to the contrary on their proposition as stated and attempt to see a distinction due to the fact that respondent waited until January, 1938, to seek relief for permanent partial disability. Petitioners also admit that the cases quite generally hold that a filing of the stipulation and agreement provided by Form 7 meets all the necessary requirements of the one-year statute, and that thereafter the State Industrial Commission has a continuing jurisdiction to make such award, on the application of either party, as the evidence discloses is proper, but seek to escape the effect of those authorities. They state that laches or the statute of limitation applies to such a claim as involved in the case at bar. We have been unable to find any authority permitting

this court to interfere with the orderly progress of the State Industrial Commission in determining the permanent disability after it has obtained jurisdiction in a proper case.

In the second proposition it is stated that under the provisions of the Workmen's Compensation Law the findings of the State Industrial Commission are final and binding on this court where there is any testimony in support of such findings; but where there is no such testimony, such findings may be reversed as a matter of law. This is but another expression of the rule that where there is no competent evidence in the record which reasonably tends to show that there is a disability resulting from an accidental injury, an award based thereon will be vacated. We must therefore look to the record to see if there is any competent evidence to sustain the finding of the State Industrial Commission.

The accidental injury is conceded; the disability is not seriously denied; the argument of the petitioners, in brief, is that in the intervening 13 years the disability could have come from any cause. This is a question of proof purely within the province of the State Industrial Commission. This court is not concerned with the degree and extent of such proof, but must determine solely the proposition as to whether it is sustained by competent evidence reasonably tending to support the award and findings of the State Industrial Commission. There is competent evidence tending to sustain the finding that the respondent has a 25 per cent. disability to the right foot as a result of the accidental injury of January 4, 1925. Dr. H. D. Boswell testified for the respondent. He stated that he made an examination of respondent on December 15, 1937. He detailed the history as given by the respondent and gave it as his opinion that he had a 50 per cent. disability to the left foot and 40 per cent. to the right foot. He further stated that this condition was permanent, and that in his opinion the disability was directly related to the accidental injury of January 4, 1925. This court has many times held that where the injury complained of is of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled and professional persons. Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785; Fain Drilling Co. v. Deathcrage, 179 Okla. 409, 65 P.2d 1212. Petitioners alleged that the medical expert based his opinion on

a statement of fact by respondent wherein he said that he was seriously injured, whereas Dr. Martin testified that he considered the injury of respondent of slight effect. We find competent evidence in the record to sustain the finding that the accidental injury of January 4, 1925, caused the disability for which the award was made.

Award affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, and DAVISON, JJ., concur.