SKELLY OIL CO. v. HARRELL et al.

No. 29139. Oct. 17, 1939.

Rehearing Denied Nov. 28, 1940.

Application for Leave to File Second Petition for Rehearing Denied June 11, 1940.

*103 P. 2d 88.*

W. P. Z. German, Alvin F. Molony, and C. L. Swim, all of Tulsa, and A. S. Gilles, of Oklahoma City, for petitioner.

C. W. Schwoerke and Ross G. Hume, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. In this proceeding petitioner, the Skelly Oil Company, employer, carrying its own risk, under the provisions of the Workmen's Compensation Law, section 13348, O. S. 1931, et seq., 85 Okla. St. Ann. § 1 et seq., seeks to obtain a review of an award made by the State Industrial Commission in favor of the respondent Glen William Harrell.

The record discloses that the petitioner filed a notice of initial payment under date of July 19, 1934, advising payment of $17.34, and giving the date of an injury to the respondent as June 26, 1934, and describing the said injury as a sprain to the right knee. A supplemental report of the injury was filed on the same date in which it is disclosed that respondent returned to work on July 9, 1934. On August 2, 1934, Form 7 stipulation and receipt for temporary total disability was executed by the petitioner and respondent and filed with the State Industrial Commission.

No further proceedings of any nature were had until August 16, 1938, at which time respondent filed a motion for hearing to determine the extent of permanent disability. Notice of hearing was duly given on August 26, 1938; petitioner filed answer denying liability, and thereafter hearings were conducted to determine the nature and extent of permanent disability. On the 15th day of February, 1939, the State Industrial Commission entered an award finding, in substance, that the respondent while in the employ of petitioner sustained an accidental injury June 26, 1934, to his right knee, by reason of which he suffered a disability permanent in nature and partial to the extent of 25 per cent. loss of use of specific member, to wit, the right leg, and ordered payment for such disability. It is this award that the petitioner seeks to have reviewed.

It is first contended that there is no competent evidence upon which to base the finding that as a result of the accidental injury of June 26, 1934, the respondent has a permanent disability of 25 per cent. loss of the right leg. In this connection it is urged that Dr. Shaw, the sole medical expert witness, was not competent to testify as to the nature and extent of the disability. Respondent testified that on June 26, 1934, while employed as a roustabout, he was laying a line up to a rig, when he hung his toe on a root and fell, injuring his knee. The contention is that there is no competent evidence in the record that this injury caused a disability. It is the further contention of the petitioner that if the respondent is suffering any disability, it is not the result of the injury of June 26, 1934, but of other causes. The evidence is in irreconcilable conflict. Respondent relies on his medical expert witness to establish the disability as a result of the accident, while petitioner's medical expert witnesses attempted to establish the fact that the disability results from other injuries. Dr. C. C. Shaw testified that he had treated the respondent, and after such treatment and examination, from the history given, it was his opinion that the disability resulted from the accidental injury of June 24, 1934. He further testified that in his opinion the respondent has a 25 per cent. disability to his right leg, and that this disability is permanent. This is competent evidence of a disability under the following authorities: Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P. 2d 1212; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847; City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094; New York Indemnity Co. v. Miller, 163 Okla. 283, 22 P. 2d 107; Magnolia Pet. Co. v. Clow, 163 Okla. 302, 22 P. 2d 378; Grimshaw Const. Co. v. Bias, 184 Okla. 122, 85 P. 2d 304; Bartlett-Collins Glass Co. v. Washabaugh, 166 Okla. 90, 26 P. 2d 420; Quality Ice Cream Co. v. Jones, 155 Okla. 197, 8 P. 2d 751. As said in Standard Roofing & Material Co. v. Mosley, supra, the State Industrial Commission is at liberty to re-

fuse to give credence to any portion of the evidence which, in its opinion, is not entitled to credence; nor is it required to give credence to the greater amount of evidence as against the lesser.

It is finally contended that the State Industrial Commission was without jurisdiction to make the award for permanent partial disability because no claim was filed by the respondent within one year from August 2, 1934, the date when the stipulation and receipt on Form 7 was executed and filed. With this contention we cannot agree. We have held that there is no particular form of pleading required to give the State Industrial Commission jurisdiction to hear and determine a claim for compensation. Steffens Ice Cream Co. v. Jarvis, 132 Okla. 300, 270 P. 1103; McCawley v. Crane, 184 Okla. 64, 85 P. 2d 423; Sinclair Prairie Oil Co. v. Smith, 168 Okla. 483, 34 P. 2d 248; Carl B. King Drilling Co. v. Wilson, 163 Okla. 109, 21 P. 2d 21. The provisions of section 13367, O. S. 1931, 85 Okla. St. Ann. § 43, are a limitation upon the remedy and not upon the right itself. Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 P. 963; Pine v. State Industrial Commission, 148 Okla. 200, 298 P. 276, 78 A. L. R. 1287; Sinclair Prairie Oil Co. v. Smith, supra.

Petitioner admits the effect of these decisions, but urges for the first time that the effect of section 4, ch. 29, S. L. 1933, was to limit the time for filing an application to determine permanent disability awards even though payment had been made under stipulation and receipt, and that unless a claim was filed by the respondent within one year after the date of the stipulation and receipt of August 2, 1934, the State Industrial Commission thereby lost jurisdiction to enter any further award. They in turn criticize the rule announced in Atlas Coal Co. v. Corrigan and Sinclair Prairie Oil Co. v. Smith, supra, and denominate it as extreme, and ask this court to limit the rule therein announced by holding that section 4, ch. 29, S. L. 1933, amended section 13367, supra, so that a claim for permanent disability must be filed by an injured employee within one year after payment has been made under a stipulation and agreement and receipt duly filed with the State Industrial Commission. To do this would be to read into said amendment and the judicial construction thereof something not there found. By the plain terms of section 4, ch. 29, S. L. 1933, amending section 13367, supra, the limitation is on the application for additional permanent disability by reason of a change in condition. Pure Oil Co. v. State Industrial Commission, 181 Okla. 176, 72 P. 2d 779; New State Ice Co. v. Sanford, 167 Okla. 435, 30 P. 2d 708. As was said in Patrick & Tillman v. Matkin, 154 Okla. 232, 7 P. 2d 414, the filing of a stipulation and receipt on Form 7, whether approved or not, is a substitute for the original claim; if the claim is filed, the State Industrial Commission thereafter has a continuing jurisdiction to enter an award for temporary total, permanent partial and further permanent disability on a change of condition on account of the accidental injury sustained, limited only by the restrictions contained in the amendment of chapter 29, S. L. 1933, supra. As the substitute for the claim is the filing of stipulation and receipt, it must be treated as if the claim were filed, and the contention of the petitioner in this respect cannot be upheld.

The award is sustained.

WELCH, V. C. J., and RILEY, OSBORN, CORN, HURST, DAVISON, and DANNER, JJ., concur. BAYLESS, C. J., and GIBSON, J., absent.