**Ray C. KNIPP, Respondent,**

v.

**William E. MANKIN, Appellant.**

No. 47549.

Supreme Court of Missouri,

Division No. 1.

June 13, 1960.

John S. Marsalek, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, Rozier, Carson & Nacy, Jefferson City, for appellant.

Kelso Journey, Clinton, for respondent.

HOLMAN, Commissioner.

Plaintiff received personal injuries when the automobile he was driving was struck by defendant's station wagon at a point in Tipton, Missouri, where Highway No. 5 intersects U. S. Highway 50. In this action for damages plaintiff obtained a verdict for actual damages in the sum of $20,000 and punitive damages in the amount of $5,000. Defendant has appealed from the ensuing judgment.

The points hereinafter considered require only a brief statement of facts. The collision occurred at about 12:15 a. m. on June 30, 1956. Defendant had left his place of business in Platte City, Missouri, at about 7:30 p. m. and was enroute to his home in Jefferson City, Missouri. In Platte City he bought two half-pint bottles of whiskey and admitted having taken several drinks from one of the bottles during the course of the trip. At the point of collision Highway 50 runs east and west and is intersected on the south by Highway No. 5, and on the north by a city street. It is a "four-way stop" with an overhead four-way red flashing light suspended at approximately the center of the intersection. As defendant's eastbound car approached the intersection he was following an automobile driven by James Bunch. As Mr. Bunch was bringing his car to a stop at the stop sign defendant's station wagon passed him on the left at a speed of from 45 to 50 m. p. h. (without stopping) and struck plaintiff's car near the left front door. The collision occurred in the north lane as plaintiff was making a left turn from Highway No. 5.

Prior to the collision plaintiff, a 24-year-old student at Missouri University, had been visiting with friends at the Dexcel Cafe located on the southwest corner of the intersection. Upon leaving the cafe he drove onto Highway No. 5 and turned north, stopping at the south edge of Highway No. 50. When he saw Mr. Bunch's car stopping he entered Highway 50 and started to make his left turn. Upon seeing defendant's car entering the intersection he attempted to "swing back to the right to get across the highway" but was unable to avoid being struck.

Several witnesses expressed the opinion that defendant was intoxicated when they saw him immediately after the occurrence. Although he admitted that he had been drinking defendant denied that he was intoxicated. His explanation of his part in the casualty was that "I must have fell asleep or something because I run the stop sign and hit Mr. Knipp." There was evidence that plaintiff received injuries to his neck and low back.

The first point we will consider is the contention of defendant that the court erred in giving Instruction P–4 at the request of plaintiff. That instruction related to the question of plaintiff's burden of proof. The defendant offered an instruction on plaintiff's burden of proof but it was refused and the court, of its own motion, gave Instruction C–1 which reads as follows: "The court instructs the jury that the burden of proof is upon the plaintiff to establish his case by a preponderance, that is to say, by the greater weight of the credible evidence in the case, and if he has failed to do so, or if the evidence is evenly balanced, your verdict must be for the defendant."

The plaintiff then offered and the court gave the instruction complained of (P–4) which reads as follows: "On the meaning

of 'burden of proof' and its being on plaintiff as submitted by Instruction No. C–1, you are instructed that if you believe and find from the credible evidence in favor of plaintiff the facts and issues as submitted and required by Instruction No. 1 [P–1], then you are instructed that plaintiff has met and carried the burden of proof required of him by the law and the instructions, and it would be your duty to so find."

We agree with defendant's contention that the giving of Instruction P–4 constituted error. It is elementary that defendant was entitled to have the jury instructed that the burden was on plaintiff to prove his case by the preponderance or greater weight of the credible evidence. Bell v. S. S. Kresge Co., Mo.App., 129 S.W.2d 932. Such was not contained in Instruction P–4, nor P–1 to which P–4 referred, nor in any other given instructions except C–1. Since Instruction P–4 purported to explain the meaning of C–1, and to advise the jury as to all that was required in order to comply with said instruction, i. e., "find from the credible evidence in favor of plaintiff the facts and issues as submitted and required by Instruction No. 1," it, for all practical purposes, superseded Instruction C–1 and eliminated it from further consideration by the jury. The requirement specified in Instruction P–4 added nothing to what was already required of the jury in Instruction P–1, which, as we have stated, made no reference to burden of proof. The instruction complained of was also erroneous because it told the jury that plaintiff had met the burden of proof if the jury found the facts submitted in Instruction P–1 "from the credible evidence *in favor of plaintiff.*" The words we have emphasized would seem to have eliminated the requirement that the jury consider all the credible evidence in making its findings.

In defense of the instruction plaintiff relies largely upon the cases of Williams v. St. Louis Public Service Co., 363 Mo. 625, 253 S.W.2d 97, and Venditti v. St. Louis Public Service Co., 362 Mo. 339, 240 S.W.2d 921. The Williams case approved and fol-

lowed Venditti and we will therefore limit our discussion to the Venditti case. There the court gave a defendant's instruction on plaintiff's burden of proof. Also, at plaintiff's request, the court gave the following instruction (No. 2): "If you find and believe from the greater weight of the credible evidence the *facts* to be as *submitted* in Instruction 1, then the plaintiff has met and carried the burden of proof required of her under the law and under the instructions herein." 240 S.W.2d loc. cit. 925. The main complaint against that instruction was that it was given in a res ipsa case wherein Instruction No. 1 did not hypothesize the specific facts constituting defendant's negligence. The court ruled that the main instruction required a finding of negligence which was an inferential fact and hence the complaint in that respect was not valid. The court therein also relied heavily upon the fact that Instruction No. 2 did not direct a verdict and hence it could be considered in conjunction with the defendant's burden of proof instruction and the two would be construed together.

A comparison of Instruction No. 2 in Venditti and Instruction P–4 in the instant case will disclose many distinguishing features: (1) No. 2 did not specifically refer to the burden of proof instruction and purport to explain it; (2) No. 2 contained a requirement that the finding be from the "greater weight" of the credible evidence which is not contained in P–4; (3) No. 2 required that the finding be from the credible evidence while P–4 authorized a finding merely from "the credible evidence in favor of plaintiff"; (4) No. 2 is not written in a manner indicating that it completely superseded the burden of proof instruction as is No. P–4; and (5) No. 2 does not direct a verdict and hence would be construed in conjunction with the burden of proof instruction while No. P–4 does inferentially direct a verdict. That is so because it concludes with the words "and it would be your duty to so find," which mandate, in turn, refers to the statement that plaintiff has carried the burden of

proof, and the only way that the jury could find that plaintiff had carried the burden of proof would be for it to return a verdict for plaintiff. The Venditti case is not controlling here.

Plaintiff also contends that any question concerning error in Instruction P–4 is "academic" because defendant admitted negligence and the sufficiency of the evidence is not raised by defendant upon this appeal. That contention is without merit. While defendant in his testimony admitted some (but not all) of the specifications of negligence submitted in Instruction No. 1, some of those specifications, as well as the questions of proximate cause and injury, were for the jury to determine. We also note that Instruction P–1 contained the findings required as a basis for the allowance of punitive damages which, of course, were not admitted by defendant. The defendant was entitled to have the jury correctly instructed in connection with making its findings.

It is also contended by plaintiff that the portion of Instruction P–4 reading "if you believe and find from the credible evidence in favor of plaintiff the facts and issues as submitted and required by Instruction No. 1" was not error because the jury would reasonably have understood that portion to mean "that if, from the credible evidence, you (the jury) believe and find in favor of plaintiff the facts and issues as submitted and required by Instruction No. 1." We see no reasonable basis for that interpretation and accordingly rule this contention against plaintiff.

Defendant also contends that the court erred in giving measure of damage Instruction P–2. Subparagraph (2) thereof reads: "You may also take into consideration any loss of earnings or wages which you find from the evidence has, or is reasonably certain to directly result to him as a direct result of such injuries you find the plaintiff received in said collision, if any, not to exceed the amount you find shown by the evidence." That submission is said to be error because there was no proof of loss of earnings. While there was some proof that plaintiff's ability to work was diminished we find no specific proof of loss of earnings. Plaintiff contends the submission was not error because the recovery for said loss was limited to the amount shown by the evidence and therefore, if there was no evidence of loss of earnings, it is reasonable to say that the jury made no allowance therefor. It is, of course, error to submit an item of damages which is not supported by the evidence. Stupp v. Fred J. Swaine Mfg. Co., Mo.Sup., 229 S.W.2d 681 [5]. The restriction referred to by plaintiff would not preclude a determination that the submission was error but would be relevant upon the question as to whether the error was prejudicial.

Since the judgment must be reversed and cause remanded because of the prejudicial error in giving Instruction P–4, we need not determine whether the error in Instruction P–2, when considered alone, would require a reversal.

Since the case will likely be retried we deem it advisable to rule upon the admissibility of certain opinion evidence. Over the objection of defendant, Dr. E. L. Rhoades, who qualified as a medical expert, was permitted to testify as follows: "Q. State your opinion as to the percentage of loss Mr. Knipp has in his back. A. I'd say in the neighborhood of 50 percent." In our consideration of the question we will assume that the word "loss" as used in the question means "disability." Defendant contends that the question of the percentage of disability is not a proper subject for opinion testimony by a medical expert; that by reason of their wide experience jurors are in a better position to estimate the extent that an injury will disable a person than are medical experts.

No Missouri case has been cited which deals with the question presented. However, in Ott v. Perrin, 116 Ind.App. 315, 63 N.E.2d 163, 166, it was held proper to permit a medical expert to express the

opinion that the plaintiff "had lost from one-third to forty percent of his usefulness as the result of his injuries." Also, in Skelly Oil Co. v. Harrell, 187 Okl. 412, 103 P.2d 88, 90, expert testimony was held competent to the effect that "respondent has a 25 percent disability to his right leg and that this disability is permanent." In Missouri the courts have held that an expert may express the opinion that an injury is permanent, Mahany v. Kansas City Rys. Co., 286 Mo. 601, 228 S.W. 821, and that the plaintiff is totally disabled. Stearns v. Prudential Ins. Co. of America, 235 Mo. App. 135, 140 S.W.2d 766. If it is proper for an expert to express the opinion that a person is totally disabled it would seem proper to permit expert testimony that he has sustained a percentage of disability. We have been unable to think of any logical reason why a qualified medical expert should not be permitted to express the opinion that a person has sustained a certain percentage of disability in a certain area of the body. It seems to us that such an expert would be better qualified to evaluate the effect of an injury in limiting the use of a certain part of the body than would the average juror. We accordingly rule that the court did not err in permitting the testimony complained of.

There appears to be no necessity for us to discuss other points briefed. Before another trial plaintiff will have the opportunity to amend his petition and eliminate any possibility of error in connection with the admission of evidence concerning traumatic arthritis. The same is true in regard to the submission of certain items of special damages which it is contended were not pleaded. Also, counsel for plaintiff will have the opportunity to re-examine Instruction P-1 and to make such corrections as may be considered necessary, in view of the attack made thereon by defendant.

The motion of respondent to strike certain of the points in appellant's brief be-cause of failure to comply with S. C. Rule 1.08 [1] is overruled.

The judgment is reversed and cause remanded for a new trial.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., adopted as the opinion of the court.

All concur.

1. Now Civil Rule 83.05, V.A.M.R.