**MUNSINGWEAR, INC., and the Travelers Insurance Company, Petitioners,**

v.

**Maxine C. TULLIS and Oklahoma State Industrial Court, Respondents.**

**No. 48686.**

Supreme Court of Oklahoma.

Dec. 14, 1976.

Sanders, McElroy & Carpenter by Jerry H. Holland, Tulsa, for petitioners.

Richard A. Bell, Norman, for respondent, Maxine C. Tullis.

LAVENDER, Justice:

The sole review issue is statute of limitations in the "Workmen's Compensation Law." 85 O.S.1971, § 43. Sufficiency of the evidence to sustain the amount of disability is not involved. This is not an "occupational disease" case under § 3(16).

Maxine C. Tullis (a respondent and the claimant below) filed her claim for compensation on January 13, 1975. By amendments prior to hearing, claim was based on industrial accident by inhalation of deleterious substances, with a principal defense of Munsingwear, Inc. (a petitioner and respondent below) and The Travelers Insurance Company (a petitioner and insurance carrier below) being the one year limitation period to filing a claim under § 43, supra.

Industrial Court's order, as modified and then affirmed by the en banc court, found there was no barring of the claim under § 43, supra, for the accidental personal injury occurred July 12, 1974. That is probably the last day the claimant worked. The award contained an amount for temporary total disability and twenty-eight percent (28%) permanent partial disability to the body as a whole. No review is sought on period of temporary total or degree of permanent disability.

Tullis worked for Munsingwear beginning in 1972. She first did hemming. After six months to a year, she did side seaming as one of her main jobs. On side seaming certain dyed fabric, her needle would become hot. This caused smoke and fumes. She breathed them. She started having difficulty with her breathing and other physical problems. In November, 1973, she went to Dr. S. At that time, that doctor told her "she should find a job where she would not be inhaling these fumes as I (the doctor) thought the fumes were causing her pulmonary obstructions and restrictions (explanation added.)" Shortly thereafter she was hospitalized by this doctor. He diagnosed several problems including acute and recurrent bronchitis and chronic infected tonsils. Following a tonsillectomy, she was discharged. She returned to work. On July 12, 1974, she breathed fumes, became ill, and short of breath. She did not finish out that day. It was the last day she worked for Munsingwear under this employment.

■ Section 43, supra, is a true statute of limitations.[1] That is—the limitation acts upon the remedy and not upon the right itself.[2] It can be tolled or waived.[3] It should be approached and treated the same as other true statutes of limitations.[4] It is an affirmative defense. It is subject to Industrial Court Rule 10.[5]

■ As a limitation acting on the remedy and not the right, § 43, supra, is not "jurisdictional" in the common law sense. Jurisdiction is the authority by which courts and judicial officers take cognizance of and decide cases.[6] As a limitation running to the remedy and not the right, the Industrial Court had the authority to take cognizance of Tullis' claim and decide it. That includes disposal of limita-

1. *Logan County v. York*, Okl., 270 P.2d 968 (1954).

2. *Oklahoma Furniture Mfg. Co. v. Nolen*, 164 Okl. 213, 23 P.2d 381 (1933); *Pine v. The Indus. Comm'n.*, 148 Okl. 200, 298 P. 276 (1931); *Atlas Coal Co. v. Corrigan*, 148 Okl. 36, 296 P. 963 (1931); *Steffens Ice Cream Co. v. Jarvis*, 132 Okl. 300, 270 P. 1103 (1928); *W. R. Pickering Lumber Co. v. Tincup*, 132 Okl. 241, 269 P. 262 (1928); *Skelly Oil Co. v. Harrell*, 187 Okl. 412, 103 P.2d 88 (1940); *Shank v. Oklahoma Office & Bank Supply Co.*, Okl., 387 P.2d 626 (1963); and *National Zinc Company v. Van Gunda*, Okl., 402 P.2d 264 (1965).

3. See n. 1, supra.

4. Leon J. York, Jr., Workmen's Compensation, Symposium on Limitations; 11 Okl.L. Rev. 434, 435.

5. Rule 10, State Industrial Court Rules, 85, Ch. 4, App. reads in part: "All affirmative defenses must be pled."

6. "Jurisdiction," Black's Law Dictionary, Fourth Edition, p. 991 and citing *Board of Trustees of Firemen's Relief and Pension Fund of City of Marietta v. Brooks*, 179 Okl. 600, 67 P.2d 4, 6 (1937), (since overruled as to another issue).

tion issues properly raised as an affirmative defense.

Case 'law in this jurisdiction has from time to time labeled limitations under § 43 as a "jurisdictional issue." This follows only if the limitation acts on the right as opposed to the remedy. We do not so hold. Confusion occurred with *Roe v. Jones & Spicer, Inc.*, 196 Okl. 582, 167 P. 2d 70 (1946). There, without an explanation as to rationale, it makes § 43 a jurisdictional matter. *McKeever Drilling Co. v. Egbert*, 170 Okl. 259, 40 P.2d 32 (1935) is cited. *McKeever, supra*, makes a jurisdictional question independently reviewable as to findings of fact in this court. It did not involve a limitation question. It did not determine a limitation question to be a jurisdictional one. By quoting from *Crowell v. Benson*, 285 U.S. 22, 52 S.Ct. 285, 294, 76 L.Ed. 598, involving the federal Longshoremen's and Harbor Worker's Compensation Act, the opinion talks of "* * * 'jurisdictional,' in the sense that their (determinations of fact) existence is a condition precedent to the operation of the statutory scheme." (Explanation added.) *McKeever, supra*, was seeking to determine if the disability suffered by a sun stroke "arose out of and in the course of the employment." Allowing a determination as to the barring of a claim under § 43, supra, to become a condition precedent to the statutory scheme bottoms the limitation on a right rather than a remedy. It could not be waived or tolled. *Roe v. Jones & Spicer, Inc., supra*, and similar cases holding limitation questions as jurisdictional are hereby overruled on that issue.

 Statute of limitation issue is ordinarily a mixed question of law and fact.[7] If the issue under § 43, supra, depends upon a question of fact, and the trial tribunal has heard evidence thereon, its findings on that fact issue will not be disturbed on review when based on testimony reasonably tending to establish the factual determination made.[8] As a mixed question of law and fact, and even though the factual determination will not be independently reviewed in this court if reasonably supported by the evidence, application of § 43 so as to bar a claim and thereby determine the issue is a conclusion of law. As a conclusion of law, it is reviewable in this court.

 As to workmen's compensation claim limitations provisions, states are sometimes classified as "accident" jurisdictions or "injury" jurisdictions. This comes from language found in the particular jurisdiction's workmen's compensation laws. This jurisdiction's language makes Oklahoma an "injury" jurisdiction.[9] Section 43 allows the filing of the claim "within one (1) year after the injury." We construe the date of injury as the date of the initial injury accompanying the accident. *Tulsa Hotel v. Sparks*, 200 Okl. 636, 198 P.2d 652 (1948). Prior to this position, *Brown & Root v. Dunkelberger*, 196 Okl. 116, 162 P. 2d 1018 (1945) made controlling the date the disability became apparent. *Tulsa Ho-*

7. *Towle v. Sweeney*, 2 Cal.App. 29, 83 P. 74, 75 (1905) cited at 54 C.J.S. Limitations of Actions, § 399a, note 74, p. 548, says in part: " * * *. The statute of limitations is a provision of law rather than a fact; and, * * * it forms an issue which the court must determine from the facts connected with the transaction out of which the right of action arose, * * *. Whether a cause of action is barred by the statute of limitations is, * * *, a mixed question of law and fact, * * *. * * * as the determination of an issue in the cause pending before the court, it is a conclusion of law. It does not cease to be a conclusion of law by reason of being found among the findings of fact, and is to be regarded according to its character, * * *."

See also *Bushner v. Bushner*, 134 Colo. 509, 307 P.2d 204, 208 (Colo.1957) as to defense of Statute of Limitations involving questions of law.

8. *Shann v. Lone Star Steel Company*, Okl., 405 P.2d 120 (1965).

9. Kelly, "Statutes of Limitations in the Era of Compensation Systems: Workmen's Compensation Limitations Provisions for Accidental Injury Claims," No. 4, 1974, Wash. U.L.Q. 541, 556 and n. 56; 577 and n. 157.

*tel, supra,* involved an injury to a foot. The initial injury accompanied the one incident accident.

*Stillwater Floral Company v. Murray,* Okl., 380 P.2d 694 (1963) suggests the injury need not be one capable of full medical evaluation, but an injury with the accident sufficient for the workman to be aware, or should be aware, of some defect or some ill effect, produced thereby. Again, *Stillwater Floral Company, supra,* relates to a single event accident. There claimant was struck on the head. The injury was first thought by claimant to be trivial. Subsequently, there were headaches and thereafter blackouts and medical evaluation of the severity of the injury. Claim was filed more than a year after the accident. The date of the accident controlled for claimant had knowledge of some defect or some ill effect projected by the accident.

■ "Accidental injury" need not result from one particular event. It may be the cumulative effect of trauma, or casualty, occurring at different times and over an extended period.[10] *Macklanburg-Duncan Company* opinion [11] also requires the accidental injury, under indefinite occurrence and cumulative effect circumstances, to occur unexpectedly.

The "awareness" or discovery principle of *Stillwater Floral Company, supra,* was adopted in *Southwest Factories, Inc. v. Eaton,* Okl., 453 P.2d 1021 (1969). There the accidental injury did not result from one particular event but was a cumulative and traumatic effect of noise. Claimant was made aware of his hearing loss produced by constant exposure to loud noises on the job through a medical examination. His claim was filed long after, and much more than a year, from that awareness and discovery. Section 43, supra, was held to bar the claim.

■ Under the circumstances of a cumulative effect accident, the accidental injury, which accompanies the accident, occurs (1) at the time of claimant's awareness, or discovery, of a "defect" or "ill effect" caused to the claimant; and (2) at the time of his awareness that the effect is causally connected with his job. It is then, the limitation period of one year begins to run under § 43, supra. It is then, the accident has occurred and carries with it the accompanying injury. At that point in time, the cumulative accident is no different than the single event accident from a limitation issue.

In the present case, claimant argues a separate accident on July 12, 1974. We find it to be more of a cumulative effect situation. Claimant was exposed to the conditions of smoke and fumes when she side seams a particular type of dyed fabric from time to time as a part of her regular job. This was not a single event. There were a series of events having a cumulative effect.

The Industrial Court order found the accident injury occurred July 12, 1974. This is the last day worked in this particular employment. This is the date of last exposure to recurring trauma. Date of last exposure does not have the significance here that it has in occupational disease cases. *Southwest Factories, Inc., supra.* The use of last exposure date as the date of the accidental injury is in error and is an incorrect conclusion of law.

■ In November, 1973, claimant had actual awareness of the ill effect of pulmonary obstructions and restrictions of the fumes she breathed on the job. She was told this by Dr. S. Her testimony acknowledges this. This was the date of her accidental injury. This is the controlling date to commence the limitation period of one year under § 43, supra. The claim, filed January 18, 1975, was barred. The In-

10. *Macklanburg-Duncan Company v. Edwards,* Okl., 311 P.2d 250 (1957).

11. See n. 10, supra.

dustrial Court was incorrect in its conclusion of law that the Statute of Limitations had not run.

Award vacated.

IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, J., dissent.